527 So.2d 437 (1988)
CENTURY BANK IN NEW ORLEANS
v.
Harold DOLEY.
No. CA-9191.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
Lee R. Miller, Jr., P.C., New Orleans, for plaintiff/appellee.
Harold Doley, in pro. per.
Jesse S. Guillot, New Orleans, for defendant/appellant.
Before SCHOTT, KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
The issue herein, is what type of notice of trial must an unrepresented litigant receive, in order to meet the requirement of procedural due process. We hold that, when the address of the litigant is known, the unrepresented litigant must receive written notice of trial, either from the court or from his former attorney, at the time the court authorizes his withdrawal as attorney of record.
Defendant, Harold Doley, appeals a judgment rendered against him in his absence.
*438 On March 19, 1981, appellant executed a promissory note payable to Century Bank in New Orleans and due June 17, 1981. No payments were made on the note and on October 1, 1985, Century Bank filed suit against appellant. Mr. Doley filed an answer and a third party demand against Peter Castano, claiming he made the note for the accomodation of Castano and if appellant owed Century Bank, then Peter Castano was indebted to him.
On July 13, 1987, Mr. Doley's attorney, Louis Gerdes, filed a motion to set the matter for trial and it was set for September 2, 1987. On July 24, 1987, Peter Castano filed a motion to continue; the court continued only the third party demand. On July 27, 1987, the court signed Mr. Gerdes motion to withdraw as attorney of record.
The appellant was not present for the trial on September 2, 1987, when judgment was rendered against him. On September 8, 1987, Mr. Doley filed a motion for a new trial. On October 9, 1987 there was a hearing and the court denied the motion for a new trial.
The issue presented is whether appellant received adequate notice of trial to meet the requirements of procedural due process.
Mr. Doley argues that he was denied procedural due process in the proceedings because he was not afforded proper notice by the court of the trial date. LSA-C.C.P. Art. 1571 requires district courts to provide adequate notice of trial to all parties. Additionally, Rule 10, section 5, paragraph 2, of the Rules of Civil District Court for the Parish of Orleans outlines the minute clerk's duties in providing notice:
the Minute Clerk of said Division shall mail, to the attorneys of record in the case, a Notice of Trial not less than twenty days prior to the date fixed for said trial. In those cases where an assigned date for the trial of any case has been agreed to by all attorneys of record, either following a pre-trial conference or otherwise, not more than three days need be given by mail by the Minute Clerk....

In any matter in which a litigant is not represented by an attorney of record, notice of such trial date shall be mailed to the litigant to his address as shown by the record. If the litigant's address is not set out in the pleadings, posting of such Notice of Trial date on the Bulletin Board shall constitute amply notice to the litigant. (Emphasis added.)
In the instant case, Mr. Doley was not represented by counsel and his address was set out in the pleadings. There is no evidence that notice of the trial date was mailed to him by his attorney or the minute clerk.
At the hearing for a new trial, Ms. Thornton, the law clerk for Division K, testified that on September 1, 1988, the day prior to trial, she found that notice had not been sent to Mr. Doley and asked Mr. Gerdes if he would communicate the trial date. When asked if he had spoken to his former client, Mr. Gerdes could only say, "I think so."
Procedural due process normally includes the right to both a notice of trial and a fair hearing. The rules of the Civil District Court require written notice of trial to the attorney of record or the litigant directly. Compliance with this requirement satisfies procedural due process.
Attorneys, for multiple reasons, frequently withdraw from a pending legal action. Procedurally, this can only be accomplished by leave of court, and only after giving a reasonable notice to the client of the intention to withdraw from the litigation.
When a trial date is scheduled by the court, and written notice is given to the attorney of record and thereafter the attorney of record petitions the court for permission to withdraw as the attorney of record, it is the responsibility of the trial court to ensure that the client/litigant receives the notice of the pending trial in writing. The court can satisfy the notice of trial requirement by reissuing the notice of trial to the unrepresented litigant directly, if the address is known, or if unknown, a curator may be appointed to represent the unrepresented defendant or absent defendant, *439 or the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw, a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial.
Thus, Mr. Doley was entitled to written notice of trial when his attorney was allowed to withdraw. The possibility that he had oral notice the day prior to trial does not meet the procedural due process requirement.
In Hicks v. Schouest, 381 So.2d 977 (La. App. 4th Cir.1980), a case in which a defendant was not present at trial because he had not received notice, this court held:
Adequate notice is one of the most elementary requirements of procedural due process. In the instant appeal, there is nothing contained in the record to show that a notice of trial was ever mailed. We believe that fundamental fairness and the right of access to courts require that the judgment be vacated and the case be remanded for a new trial. 381 So.2d at 978.
Additionally, LSA-C.C.P. Art. 2004, provides a basis to nullify a judgment when it was obtained by ill practices. The criteria to determine whether a judgment has been obtained by ill practice are (1) when the circumstances under which the judgment was rendered shows the deprivation of legal rights of the litigant who seeks relief and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search Inc. v. Sheffield, 434 So.2d 1067 (La.1983). The court stated:
The article is not limited to cases of actual fraud or intentional wrong doing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Id p. 1070.
Therefore, fundamental fairness and procedural due process require that this judgment be set aside because the appellant did not receive reasonable written notice of the trial date.
Accordingly, the judgment of the lower court is vacated and set aside, and the case is remanded for trial.
VACATED AND SET ASIDE.