HALL, Chief Judge.
Plaintiff, Curtis L. Hayes, Jr., appeals the dismissal with prejudice of his personal injury suit against Panola Harrison Electric Cooperative, Inc. Plaintiff’s suit was dismissed for failure to appear at the trial on the merits pursuant to LSA-C.C.P. Art. 1672. For the reasons stated below, we reverse the decision of the trial court and remand for further proceedings.
FACTS
Plaintiff filed this suit for personal injury damages in August 1988. At the time suit was filed, plaintiffs attorney filed a request for ten day notice of trial pursuant to LSA-C.C.P. Art. 1572. Plaintiffs attorney filed a motion to withdraw as counsel which was granted by the trial court on April 18, 1989. A letter dated April 14, 1989 was sent by certified mail to plaintiff who is an inmate at Wade Correctional Center by his attorney informing him of the withdrawal and the status of his case. By letter to the clerk of court dated June 19, 1989, plaintiff requested notice of the trial date. A handwritten response on the bottom portion of the letter written by a deputy clerk advised plaintiff that no trial date had been fixed at that time and that a request for notice of trial had been entered for him. A copy of the letter and response was filed in the record on June 22, 1989 and a minute entry shows the filing of the request on that date. The minutes of the court next indicate on June 29, 1989:
“Regularly taken up for trial. Plaintiff not present or represented by counsel. Counsel for defendant made an oral motion for dismissal, said motion was submitted and sustained. Judgment read, signed and filed.”
An affidavit executed by Karen Pepper, Director of Classification at Wade Correctional Center, filed on the trial date, states that plaintiff received a notice of trial date on June 15, 1989.
*739 DISCUSSION
LSA-C.C.P. Art. 1571 requires adequate notice of trial to all parties and LSA-C.C.P. Art. 1572 provides for written notice of the trial date to be given when a party requests such notification in writing. The purpose of notification is to insure that a party receives at least 10 days notice prior to trial of the date on which the trial is to be held, so' that he can prepare for trial and to eliminate surprises. Richards v. Richards, 525 So.2d 163 (La.App. 3d Cir.1988). Procedural due process requires an opportunity to be heard at a meaningful time. The trial of the case is unquestionably one of the meaningful occasions at which the parties must be given an opportunity to be heard. Adequate notice of trial is one of the most fundamental requirements of procedural due process. Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699 (La.App. 1st Cir.1985).
Plaintiff requested notice of setting for trial by letter to the clerk of court. Such request does not have to be in a particular form. Blanchard v. Blanchard, 204 So.2d 406 (La.App. 2d Cir.1967). Contrary to appellee’s assertion, both the minutes of the court and the record on appeal reflect that this request, with the deputy clerk’s response, was filed on June 22. Assuming the ease was previously set for trial on June 29, which the record does not reflect, and that plaintiff received notice of the setting on June 15 as stated in the affidavit of the prison official, plaintiff was nevertheless subsequently advised by the deputy clerk that the case had not yet been set for trial and that his request for notice had been entered. Under these circumstances plaintiff could reasonably have concluded that the prior notice was in error or that his trial date had been upset. He did not receive adequate notice of trial and the suit should not have been dismissed under LSA-C.C.P. Art. 1672. See Century Bank in New Orleans v. Doley, 527 So.2d 437 (La.App. 4th Cir.1988). Fundamental fairness and due process require that the judgment be set aside.
Therefore, the judgment of the district court is reversed and set aside and the case is remanded for further proceedings. Costs of the appeal are assessed to the appellee.
REVERSED AND REMANDED.