596 So.2d 834 (1992)
JoAnn JONES
v.
UNITED STATES FIDELITY, et al.
No. 91-CA-1260.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 1992.
*835 Dianne J. Marshall, New Orleans, for plaintiff/appellant.
P. Bruin Hays, III, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendants/appellees.
Before KLEES, PLOTKIN, and JONES, JJ.
PLOTKIN, Judge.
The primary issue in this appeal is who is responsible to issue the notice of trial to an unrepresented litigant. The identical question was presented to this Court in Century Bank in New Orleans v. Doley, 527 So.2d 437 (La.App. 4th Cir.1988), wherein we held that, when the address of the litigant is known, the unrepresented litigant must receive written notice of trial, either from the court or from his former attorney, at the time the court authorizes his withdrawal as attorney of record. Based on this principle of law as applied to the facts, we reverse.
Plaintiff JoAnn Jones appeals a summary judgment which dismissed her lawsuit, with prejudice, for failing to appear on the date her case was set for trial.
On August 24, 1984, JoAnn Jones filed suit against Jacat, Inc. and its insurer, United States Fidelity and Guaranty Insurance Company, for alleged injuries and other damages sustained in an automobile accident which occurred on September 23, 1983. On January 26, 1988, the court scheduled the case for trial for June 13, 1988. Trial notices were mailed to all counsel of record the same day, including plaintiff's counsel.
On April 7, 1988, Ms. Jones' attorney filed a Motion to Withdraw as Counsel of Record. In the body of the motion, counsel claimed that he informed the plaintiff of his desire to withdraw as counsel of record by mailing a certified letter with a return receipt requested to her, and that the receipt indicating that the plaintiff received this letter at her residence in Atlanta, Georgia was returned to him. Plaintiff's new address in Atlanta, Georgia is contained in the motion. The court conditioned plaintiff's attorney's right to withdraw stating, "provided substitute counsel is named and of record herein." New counsel was never enrolled on behalf of the plaintiff.
On June 13, 1988, neither plaintiff nor her attorney appeared in court. Plaintiff's suit was dismissed with prejudice on June 16, 1988.
On May 16, 1989, Ms. Jones filed a petition to annul the judgment of dismissal. In her petition, she alleges that her attorney had been dismissed and instructed to withdraw in March 1988, and that she did not receive notice of the trial date of June 13, 1988. She further explained that after relocating in Atlanta, Georgia, she provided her attorney with her new address. Plaintiff claims that it was not until she received a letter from United States Fidelity and Guaranty Insurance Company's counsel with a copy of the judgment of dismissal that she became aware of the scheduled trial date of June 13,1988. She claims that she never received notice of the trial date, that she was denied access to the court, and that the defendants were aware that her counsel withdrew from the case and that new counsel had not been enrolled on her behalf, as ordered by the court.
Defendants filed an answer and an exception of no cause of action. The exception of no cause of action was granted and the plaintiff was given permission to further supplement and amend her petition. In her supplemental petition, no new allegations of fact were alleged. She did allege fraud and ill practice against defense counsel, without specifying any specific act or conduct in support of that allegation.
On May 8, 1990, the United States Fidelity and Guaranty Insurance Company moved for a summary judgment, which was granted July 18, 1991.[1] It is from this ruling, which dismissed plaintiff's petition to annul the June 16, 1988 judgment, plaintiff appeals.
*836 The issue is whether appellant received adequate notice of trial to meet the requirements of procedural due process. Procedural due process includes the right to both a notice of trial and a fair trial. The rules of the Civil District Court require a written notice of trial to the attorney of record or the litigant directly, which satisfies procedural due process when there is compliance. Century Bank, supra.
In the instant case, Jones was not represented by counsel. Her correct address and telephone number in Atlanta, Georgia are contained in the pleadings. There is no evidence that notice of trial was mailed to her by her attorney or any clerk of court, including the minute clerk. Furthermore, the trial court failed to enforce its own order of withdrawal by failing to ensure that plaintiff was represented either by the former attorney or a substituted attorney.
We reaffirm the procedural rule for attorney withdrawal after notice of trial has issued, established in Century Bank, as follows:
When a trial date is scheduled by the court, and written notice is given to the attorney of record and thereafter the attorney of record petitions the court for permission to withdraw as the attorney of record, it is the responsibility of the trial court to ensure that the client/litigant receives the notice of the pending trial in writing. The court can satisfy the notice of trial requirement by reissuing the notice of trial to the unrepresented litigant directly, if the address is known, or if unknown, a curator may be appointed to represent the unrepresented defendant or absent defendant, or the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw, a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial.
Therefore, Ms. Jones was entitled to written notice of trial when her attorney was allowed to withdraw. The record demonstrates that she did not have notice of trial, which does not meet procedural due process or fundamental fairness. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983); Hicks v. Schouest, 381 So.2d 977 (La.App. 4th Cir.1980).
Appellant further claims that opposing attorney had an obligation to notify her of the trial date, because her name and address is listed in the motion to withdraw by her former counsel and that her former counsel had not complied with the orders of the court providing for substitution of new counsel. In Design Associates, Inc. v. Charpentier, 537 So.2d 1233 (La. 4th Cir. 1989), this court stated that it was "reluctant to place an obligation on an attorney to advise his opposing attorney about matters which he should know and which such advice would infringe upon his own client's rights." Therefore, there is no obligation on defense counsel or opposing attorneys to notify the plaintiff of the trial date. It is not the function or responsibility of opposing counsel, in these circumstances, to notify the opposing party that counsel had not complied with orders of the court.
Accordingly, the judgment of the district court is reversed and vacated, and the case is remanded for trial.
REVERSED AND VACATED; REMANDED FOR TRIAL.
NOTES
[1] The material facts are undisputed. Appellate courts review summary judgments de novo, under the same criteria that govern district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of LSU, 591 So.2d 342 (1991).