LBYRNES, C.J.,
dissenting with written reasons.
I respectfully dissent. The majority opinion seems to create a presumption of correctness favoring the plaintiffs motion for continuation rather than showing any deference for the discretion of the trial judge. For example, the majority opinion infers without any basis in the record that:
[T]he fact that a written motion to continue was submitted by Dr. Davis just days after the telephone conference suggests that judge Tobias may have indicated that such a motion, properly supported, would be considered.
Later the majority opinion notes that:
In fact, contrary to the jurisprudence in this circuit, Century Bank v. Doley, 527 So.2d 437 (La.App. 4th Cir.1988); Jones v. U.S. Fidelity, 596 So.2d 834 (La.App. 4th Cir.1992), the plaintiffs former attorneys were allowed to withdraw without a certification that she had been informed of the trial date and without furnishing her address for issuance of a notice of trial by the court. Thus, if Judge Giarruso relied on the record of these proceedings, a continuance would appear warranted because there is no indication the plaintiff had actual notice of the trial date until she received the defendant’s motion for status conference, filed only eight days before the scheduled surgery. Although the notice issue may have been discussed during the phone conference with Judge Tobias, this court is unable to conclude that this factor was considered by Judge Giarrus-so in rejecting Dr. Davis’ motion to continue.
| ?.The plaintiff-appellant did not raise or argue issues of notice or lack thereof in connection with her Motion for Continuance below. Nor did she assign them as error or argue them in her brief to this Court. It is not the province of this Court on its own motion to raise and argue these issues on behalf of the plaintiff and in doing so resolve every doubt in favor of the plaintiff; and resolve all unknowns in favor of assumptions constituting grounds for continuance.
The majority opinion shows no deference to the discretion of the trial court or the fact that the burden is on the plaintiff to establish cause for the continuance. It is as though LSA-C.C.P. art. 1601 had been rewritten to read that, “A continuance may be [denied] in any case if there is good ground therefor,” which would require a showing of grounds for denial, i.e., creating a presumption in favor of granting the continuance. However, LSA-C.C.P. art. 1601 requires that there be a showing of the grounds for granting, placing the burden on the party moving for the continuance. „
Likewise the majority states that:
However, the approval of the “bare-bones” motion to withdraw raises the question of when Dr. Davis actually learned that she needed to find new counsel to represent her in prosecuting this action.
If there is a question as to “when Dr. Davis actually learned that she needed to find new counsel to represent her in prosecuting this action,” it is up to Dr. Davis to raise that question if she feels she has any grievance in that regard. It is not up to this Court to invent the issue on her behalf and then draw inferences and make as *982 sumptions favorable to her on an issue that she failed to raise.
The footnote to the statement quoted above states that:
It appears possible that Dr. Davis’ attorneys may have 'withdrawn from the representation because they had been unable to contact her, as indicated by the use of addresses in both New Mexico as well as Mandeville, Louisiana.
^Implicit throughout the majority opinion is the inference that the appellant had neither adequate notice nor adequate representation at various times in the course of the proceedings below. To the contrary, there is a presumption that the trial judge’s decision is correct, and the burden should be on the plaintiff-appellant to show otherwise. More significantly, in spite of the concern expressed in the majority opinion regarding the adequacy of notice of the trial date, nowhere in plaintiffs brief to this Court or in her Motion for Continuance has plaintiff alleged or argued that the notice or representation was inadequate at any point in the proceedings. If there is any reasonable assumption to be made, it is that if the plaintiff had any reason to feel that notice was inadequate she would have alleged it below, assigned it as error with this Court, and argued it to both Courts. It is not the charge of this Court on its own motion to raise and argue these issues on behalf of the plaintiff and then resolve every doubt and inference concerning them in her favor.
Again, the majority states:
[I]t cannot be determined from the record of this case that, in fact, Dr. Davis’ failure to obtain an attorney to appear on her behalf on November 8th was due to a lack of diligence on her part. Absent such information, little deference may be afforded to Judge Giarrusso’s decision that the plaintiff was not entitled to the requested continuance on this basis.
This statement is totally inconsistent with the applicable burden of proof on the plaintiff. On this appeal the burden is on the plaintiff to show that she exercised due diligence. Although the majority states that “little deference may be afforded to Judge Giarrusso’s decision,” the majority actually goes beyond that: the majority, in effect, creates a presumption that Judge Giarrusso’s decision is wrong.
The majority goes onto state that:
^Finally, the defendants have failed to allege that a continuance would have caused any significant hardship or injustice under these circumstances.
Again, the majority misplaces the burden of proof. It is not up to the party opposing the motion for continuance to show anything. LSA-C.C.P. 1601 requires that there be a showing of the grounds for granting the continuance, placing the burden on the appellant in this case.
Similarly the majority opinion states that:
“Without record evidence that Dr. Davis had adequate notice of the trial date and/or that the continuance was necessitated by a lack of diligence, the usual deference cannot be accorded to Judge Giarrusso’s decision because this court cannot assume that such information was adequately considered prior to the denial of the motion.”
Here and in countless other instances in the way the majority lays out the facts of the case earlier in the opinion, there are explicit and implicit references to lack of notice issues never complained of by the appellant, and in every instance the majority either explicitly or implicitly resolves those issues in favor of the appellant without any support in the record.
*983 Finally, there is merit in the defendant’s contention that plaintiffs motion for continuance was defective on its face. See Rule 10(5) of the Rules of the Civil District Court for the Parish of Orleans.
For the foregoing reasons, the judgment of the trial court should be affirmed.