858 So.2d 451 (2003)
Nelson DAVIS
v.
DUNN & BUSH CONSTRUCTION a/k/a Dunn Roadbuilders Company.
No. 2001 CA 2472.
Court of Appeal of Louisiana, First Circuit.
April 9, 2003.
*452 Ben E. Clayton, Metairie, for Plaintiff/Appellant Nelson Davis.
Raymond S. Maher, Jr., New Orleans, for Defendant/Appellee Dunn & Bush Construction a/k/a Dunn Roadbuilders Company.
Before: CARTER, C.J., WHIPPLE, McDONALD, McCLENDON and CIACCIO, JJ.[1]
CIACCIO, J.
Nelson Davis appeals a judgment by the Office of Workers' Compensation ("OWC") denying his motion to annul a prior OWC judgment.

FACTS
In September 1997, Nelson Davis was injured during the course and scope of his employment as a truck driver with Dunn & Bush Construction ("Dunn & Bush"). On November 21, 1997, he filed a disputed claim for compensation contending that Dunn & Bush was late in paying and underpaying his weekly compensation benefits, that he was denied his choice of physician, and that he was entitled to penalties and attorney's fees.[2]
After several continuances, a trial was scheduled for January 27, 2000. But on January 24, 2000, Charlsey Wolff, counsel for Mr. Davis, moved to stay the proceedings indefinitely. Ms. Wolff explained that Mr. Davis had been incarcerated and that she was therefore unable to effectively communicate with him in preparing for trial. OWC denied the motion.
On January 25, 2000, Ms. Wolff moved to continue the January 27, 2000 trial date, arguing that she needed additional time to arrange a trial deposition with prison officials and opposing counsel. OWC granted this motion and rescheduled the trial for May 3, 2000.
Soon after, Ms. Wolff moved to withdraw as attorney of record. Ms. Wolff noted the upcoming trial date, but contended that Mr. Davis's incarceration hindered *453 her ability to properly represent him. The motion included a contact address for Mr. Davis with the Department of Corrections. OWC granted Ms. Wolff's motion to withdraw on February 18, 2000.
When Mr. Davis failed to appear for trial on May 3, 2000, OWC dismissed his claim without prejudice at his cost. The order noted that the claim could be reinstated "only ... upon a showing of good cause within thirty (30) days of receipt of this order." A second judgment, dated May 4, 2000, dismissed Mr. Davis's claim with prejudice for failure to appear and ordered that each party bear its own costs.
On May 14, 2001, represented by new counsel, Mr. Davis moved to annul the judgment and reinstate his claim. Mr. Davis claimed that the judgment of dismissal was obtained by fraud or ill practice and should therefore be annulled pursuant to LSA-C.C.P. art.2004. Specifically, Mr. Davis argued that because OWC knew that he was incarcerated and unable to retain new counsel or appear at trial, its decision to dismiss his claim with prejudice rather than continuing the matter constituted an ill practice. After a hearing, OWC denied the motion.
Mr. Davis now appeals, arguing that OWC erred in refusing to annul the prior judgment of dismissal and reinstate his claim.

LAW AND ANALYSIS
Davis argues that OWC never notified him of the May 3, 2000 trial date. When a trial court provides written notice of a trial date to the attorney of record, but the attorney thereafter moves to withdraw as attorney of record, the trial court bears the responsibility of ensuring that the litigant receives notice of the pending trial in writing.[3] The court can satisfy this notice requirement by reissuing the notice of trial to the unrepresented litigant directly. Otherwise, the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness.[4]
Accordingly, Mr. Davis was entitled to written notice of trial when his attorney was allowed to withdraw. But the record is not clear as to whether Mr. Davis received notice of the May 3, 2000 trial date, either verbally or in writing. Thus, we must remand this matter to OWC to determine the notice issue. We will defer our ruling on the remainder of this appeal until the notice issue is resolved.

CONCLUSION
For these reasons, we hereby remand this matter to OWC for a hearing within thirty days to determine whether Mr. Davis received notice of the May 3, 2000 trial date after his attorney was allowed to withdraw. The minutes and transcript of the OWC hearing resolving the notice issue shall be filed with this Court within ten days after the hearing so that Mr. Davis' appeal can continue to final disposition.
REMANDED FOR HEARING.
WHIPPLE, J., concurs in part and dissents in part, for reasons assigned.
WHIPPLE, J., concurring in part and dissenting in part.
In the present case, Davis was represented by counsel for the majority of the *454 course of the litigation below. During the two and one-half years that this matter was pending, much work had been performed by the parties in the prosecution and defense of this claim. Moreover, previous continuances had been granted on behalf of both parties. However, at some point during the proceedings, Davis became incarcerated. Davis' counsel sought a continuance of trial, representing to the workers' compensation judge that she was arranging to take Davis' deposition testimony for trial purposes. Nonetheless, shortly after obtaining the continuance, Davis' attorney was allowed to withdraw as counsel of record.
As the majority correctly notes, the record before us is devoid of any considerations by the workers' compensation judge in ordering dismissal, except Davis' failure to appear at trial. Given the absence of any showing of written notice to Davis of the trial date following withdrawal of his attorney, together with the absence of evidence that any less harsh alternatives to dismissal were considered by the then-presiding judge, I find that the judgment of dismissal was rendered improperly and the OWC erred in refusing to grant Davis' motion to annul the judgments. See England v. Baird, 99-2093, p. 5 (La.App. 1st Cir. 11/3/00), 772 So.2d 905, 908; Jones v. United States Fidelity, 596 So.2d 834, 836 (La.App. 4th Cir.1992).
The jurisprudence recognizes that a court can satisfy the notice-of-trial requirement by re-issuing the notice to an unrepresented litigant directly, if the address is known. Otherwise, the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. Thus, to the extent the majority would allow, on remand, a finding that notice to the attorney who withdrew (as opposed to requiring proof of written notice to the incarcerated litigant) was sufficient, I dissent. As the jurisprudence recognizes, the "reasonable proof" that will satisfy a court's notice-of-trial obligation is established by attaching to a motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. Jones, 596 So.2d at 836; Century Bank in New Orleans v. Doley, 527 So.2d 437, 438-439 (La.App. 4th Cir.1988). Clearly, Davis was entitled to proper notice of trial when his attorney was allowed to withdraw and the record does not show such notice.
Accordingly, I concur in part and dissent in part: I would reverse the judgment denying Davis' motion to annul the prior judgment of dismissal and would remand to the OWC for further proceedings, including satisfactory proof of the required, proper notice to Davis and consideration of the exceptions and motion for sanctions filed by Dunn & Bush.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] He later sought approval for additional back surgery.
[3] LSA-C.C.P. art. 1571.
[4] Id.