859 So.2d 155 (2003)
Nelson DAVIS
v.
DUNN & BUSH CONSTRUCTION a/k/a Dunn Roadbuilders Company.
No. 2001 CA 2472.
Court of Appeal of Louisiana, First Circuit.
August 20, 2003.
*156 Ben E. Clayton, Metairie, for Plaintiff/Appellant Nelson Davis.
Raymond S. Maher, Jr., New Orleans, for Defendant/Appellee Dunn & Bush Construction a/k/a Dunn Roadbuilders Company.
Before: CARTER, C.J., WHIPPLE, McDONALD, McCLENDON, and CIACCIO,[1] JJ.
CIACCIO, J.
This workers' compensation case is before this court following remand to the Office of Workers' Compensation (OWC) for hearing on the issue of whether the claimant received prior notice of a May 3, 2000 hearing, at which he failed to appear, *157 and following which his case was dismissed. For the reasons that follow, we reverse the OWC denial of the claimant's motion to annul the judgment of dismissal.

FACTS AND PROCEDURAL HISTORY
The facts and procedural history of this case are as set forth in our prior opinion, Davis v. Dunn & Bush Construction, 2001-2472 (La.App. 1 Cir. 4/9/03), 858 So.2d 451:
In September 1997, Nelson Davis was injured during the course and scope of his employment as a truck driver with Dunn & Bush Construction ("Dunn & Bush"). On November 21, 1997, he filed a disputed claim for compensation contending that Dunn & Bush was late in paying and underpaying his weekly compensation benefits, that he was denied his choice of physician, and that he was entitled to penalties and attorney's fees. [FN2. He later sought approval for additional back surgery.]
After several continuances, a trial was scheduled for January 27, 2000. But on January 24, 2000, Charlsey Wolff, counsel for Mr. Davis, moved to stay the proceedings indefinitely. Ms. Wolff explained that Mr. Davis had been incarcerated and that she was therefore unable to effectively communicate with him in preparing for trial. OWC denied the motion.
On January 25, 2000, Ms. Wolff moved to continue the January 27, 2000 trial date, arguing that she needed additional time to arrange a trial deposition with prison officials and opposing counsel. OWC granted this motion and rescheduled the trial for May 3, 2000.
Soon after, Ms. Wolff moved to withdraw as attorney of record. Ms. Wolff noted the upcoming trial date, but contended that Mr. Davis's incarceration hindered her ability to properly represent him. The motion included a contact address for Mr. Davis with the Department of Corrections. OWC granted Ms. Wolff's motion to withdraw on February 18, 2000.
When Mr. Davis failed to appear for trial on May 3, 2000, OWC dismissed his claim without prejudice at his cost. The order noted that the claim could be reinstated "only ... upon a showing of good cause within thirty (30) days of receipt of this order." A second judgment, dated May 4, 2000, dismissed Mr. Davis's claim with prejudice for failure to appear and ordered that each party bear its own costs.
On May 14, 2001, represented by new counsel, Mr. Davis moved to annul the judgment and reinstate his claim. Mr. Davis claimed that the judgment of dismissal was obtained by fraud or ill practice and should therefore be annulled pursuant to LSA-C.C.P. art.2004. Specifically, Mr. Davis argued that because OWC knew that he was incarcerated and unable to retain new counsel or appear at trial, its decision to dismiss his claim with prejudice rather than continuing the matter constituted an ill practice. After a hearing, OWC denied the motion.
Mr. Davis now appeals, arguing that OWC erred in refusing to annul the prior judgment of dismissal and reinstate his claim.
Concluding that the record was not clear as to whether Mr. Davis had been notified of the trial date, this court remanded the matter to the OWC for the taking of additional evidence on the issue. Upon remand, a hearing was held before the OWC on May 6, 2003.
At the hearing, Mr. Davis testified that he never received any notice of the May 3, 2000 court date. Mr. Davis's prior counsel, *158 who had withdrawn from representation of Mr. Davis prior to the trial date, testified that it was her normal practice to send a client her motion to withdraw, which contained a reference to the May 3, 2000 court date, or to otherwise notify a client of upcoming hearing dates. However, counsel could produce no written documentation to show that she had, in fact, given Mr. Davis notice of the May 3, 2000 court date, and counsel stated that she had no independent recollection of having provided notice to Mr. Davis.
At the conclusion of testimony, the OWC judge stated that his review of the record did not reveal any indication that Mr. Davis had been sent notice of the May 3, 2000 trial. On May 9, 2003, the OWC judge signed a judgment stating, "This court, having heard the evidence and considering the notice requirements of LSA-C.C.P. art. 1571[,] concludes that there is no evidence in the record of the court or elsewhere that Nelson Davis was given notice of the May 3, 2000 trial setting."
The appellate record has been supplemented with these additional OWC proceedings and the matter is now before this court for determination of the merits of Mr. Davis's appeal, contesting the validity of the OWC denial of his motion to vacate the judgment dismissing his claim for failure to appear at the May 3, 2000 trial, and to reinstate the suit.

DISCUSSION
In our prior opinion, we stated:
Davis argues that OWC never notified him of the May 3, 2000 trial date. When a trial court provides written notice of a trial date to the attorney of record, but the attorney thereafter moves to withdraw as attorney of record, the trial court bears the responsibility of ensuring that the litigant receives notice of the pending trial in writing. [FN3. LSA-C.C.P. art. 1571.] The court can satisfy this notice requirement by reissuing the notice of trial to the unrepresented litigant directly. Otherwise, the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness. [FN4. Id.]
Accordingly, Mr. Davis was entitled to written notice of trial when his attorney was allowed to withdraw.
Adequate notice is one of the most elementary requirements of procedural due process; it is fundamental to our system of laws that there be notice prior to trial, except in extraordinary cases, such as executory process. Howard v. A & M Construction Company, 93-1013, p. 5 (La. App. 1 Cir. 4/29/94), 637 So.2d 575, 578. Further, Louisiana Workers' Compensation Law dictates that each party to an OWC proceeding shall have the right to be present at any hearing or to appear through an attorney. LSA-R.S. 23:1317. Because the OWC did not notify Mr. Davis of the trial date, and Mr. Davis was not represented at the trial, Mr. Davis's right to procedural due process was violated. See Howard v. A & M Construction Company, 93-1013 at p. 6, 637 So.2d at 578. Consequently, the judgment of the OWC dismissing Mr. Davis's claim for his failure to appear at the trial of the matter was improper.
A final judgment obtained by fraud or ill practices may be annulled. LSA-C.C.P. art.2004. Our jurisprudence *159 sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983). An action to annul a judgment under LSA-C.C.P. art.2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Id. Conduct which prevents a party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights. Id. The lack of notice of trial is a defect falling within the purview of LSA-C.C.P. art. 2004. Sweeney, Inc. v. Olivier, 589 So.2d 61, 63 (La.App. 1 Cir.1991). Thus, the motion to annul the dismissal of Mr. Davis's OWC claim and reinstate his suit before the OWC had merit and should have been granted.

CONCLUSION
For the reasons assigned herein, the June 14, 2001 judgment of the Office of Workers' Compensation, denying the motion to annul the judgment of dismissal and reinstate the suit, is hereby reversed and the motion granted. We render judgment herein annulling the May 4, 2000 judgment of the Office of Workers' Compensation dismissing Mr. Davis's suit with prejudice, and the matter is remanded for further proceedings in accordance with the foregoing. All costs of this appeal are to be borne by defendant/appellee, Dunn & Bush Construction a/k/a Dunn Roadbuilders Company.
REVERSED; RENDERED; AND REMANDED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.