965 So.2d 489 (2007)
Angela SPIERS, d/b/a Act Dealer Services
v.
Lorraine ROYE and Interstate Motors, Inc.
No. 2004 CA 2189.
Court of Appeal of Louisiana, First Circuit.
August 8, 2007.
*490 Leonard E. Yokum, Jr., Hammond, Counsel for Plaintiff/Appellee Angela Spiers, d/b/a ACT Dealer Services.
E. Wade Shows, Jo Ann Lea, Baton Rouge, Counsel for Defendants/Appellants Lorraine Roye and Interstate Motors, Inc.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
This matter comes to us following remand to the trial court for an evidentiary hearing to supplement the record on the issue of whether the defendants received proper and adequate notice of trial prior to the date of trial and rendition of judgment. Finding that the defendants did not receive legally adequate notice, we vacate the judgment on the merits and remand this matter for further proceedings. Because of that action, we pretermit review of the prior interlocutory judgment denying the defendants' motion to dissolve the sequestration.

FACTS AND PRIOR PROCEEDINGS
The underlying facts of this litigation and its procedural history are set forth in this court's prior opinion in this matter. Spiers v. Roye, 04-2189, pp. 2-5 (La.App. 1st Cir.2/10/06), 927 So.2d 1158, 1160-61, (set aside in part on other grounds on en banc rehearing 5/19/06). We briefly recapitulate those facts, since supplemented on remand. The plaintiff, Angela Spiers, sued the defendants, Lorraine Roye and Interstate Motors, Inc., alleging the existence of a joint venture relating to the acquisition and resale of used automobiles, with sharing of the profits. Plaintiff obtained two writs of sequestration of various motor vehicles and other property of Interstate Motors, Inc., pending the trial on the merits.
On July 15, 2003, defendants' original attorney filed a motion to enroll as their counsel of record, and also filed a formal request for written notice of trial. Defendants unsuccessfully moved to dissolve the writs of sequestration. Following a March 25, 2004 telephone status conference, requested by defendants, the case was set for a bench trial on June 21, 2004, with a "final pre-trial conference at 1:00 P.M. Monday the 21st day of June 2004." A trial order was issued with notice to the parties' counsel of record.
On March 25, 2004, the date of the telephone status conference, defendants' original attorney wrote to Ms. Roye, advising her that as the result of the conference, "a trial date of Monday, June 21, 2004 was assigned." In his letter, he further stated:
I must inform you that Judge Bennett has eleven (11) other trials set on this date so there is a very strong possibility *491 our case will not be heard at this time. His next available date for a bench trial is not until the first week of September, 2004.
I will keep you advised as matters progress.
A copy of the trial order was not enclosed with that letter, and defendants received no other notice of the status of the trial from either their attorney or the trial court. According to a letter dated July 27, 2004, Ms. Roye "placed the Mar. 25, 2004 letter from [defendants' original attorney] in a very thick file pertaining to this lawsuit and, assuming it was his responsibility to keep [her] advised, [she] forgot about the trial date."[1]
On May 18, 2004, defendants' original attorney filed an ex parte motion to withdraw from their representation. On the same date, he wrote to Ms. Roye, advising her that he had concluded that he would be unable to represent her any longer, and enclosed a copy of his motion. The letter did not mention the trial date or the date and time of the "final pre-trial conference." The trial court signed the order permitting the ex parte withdrawal on May 26, 2004.
The final pretrial conference took place as scheduled on Monday, June 21, 2004, and the trial on the merits was ultimately held on June 24, 2004. Defendants did not appear for either the conference or the trial. Following the presentation of testimony and introduction of documentary evidence, the trial court ruled in favor of plaintiff, with oral reasons for judgment. Its judgment on the merits was signed on June 25, 2004, awarding plaintiff $131,580.00 for "replacement of investment" and $78,000.00 for "loss of profit." It also "lifted" the sequestration of motor vehicles and other items and ordered them "turned over to petitioner for disposal with full credit being given against the [money] judgment."
On July 12, 2004, defendants filed a motion for new trial, which was denied ex parte by the trial court. Defendants then instituted a devolutive appeal, assigning seven errors on the part of the trial court.[2] We agreed that the ex parte withdrawal of defendants' original attorney was improper, but determined that the record was incomplete on the issue of whether defendants received adequate notice of trial. We thereupon remanded this matter to the trial court for an evidentiary hearing to supplement the record. Id., 04-2189 at pp. 13-14, 927 So.2d 1158, 1166.[3] The trial *492 court conducted the evidentiary hearing on July 24, 2006. We now undertake review of this matter based upon the record as supplemented.

DISCUSSION

Ex Parte Withdrawal of Original Attorney
Defendants contended that the trial court erred in permitting their original attorney to withdraw on a motion that did not comply with Rule 9.13 of the Rules for Louisiana District Courts. The ex parte motion to withdraw filed by defendants' former attorney failed to comply with material requirements of Rule 9.13, in that it failed to specify whether he was discharged or had permission to withdraw, failed to state that the final pretrial conference and trial were scheduled and their dates, failed to attach a copy of the trial order, and failed to certify compliance with the rule. We previously held that "under Rule 9.13(d), it was patently improper for the trial court to grant that motion on an ex parte rather than on a contradictory basis." Spiers, 04-2189 at p. 10, 927 So.2d at 1164.[4] The record, as supplemented, confirms that defendants' original attorney was not terminated by defendants, did not have written consent to withdraw, and that trial had been scheduled prior to his motion. Thus, the withdrawal was also in conflict with Rule 9.13(e). Accordingly, we reaffirm our original holding on this issue.

The Pretrial Conferences and Notice of Trial
Louisiana Code of Civil Procedure article 1551 authorizes a district court to conduct pretrial and scheduling conferences in a civil action to simplify the contested issues, expedite and facilitate discovery and admission of evidence, and otherwise assist in the disposition of the action. Rule 9.14(b) of the Rules for Louisiana District Courts authorizes such a conference to be held in person, by telephone, or by teleconference. Following the conference, the trial court "shall render an order which recites the action taken at the conference," and its order in that regard "controls the subsequent course of the action, unless modified at trial to prevent manifest injustice." La. C.C.P. art. 1551(B). (Emphasis supplied.)
The trial court's local rule setting forth its required "Method of Requesting Trial on Merits" in a civil action provides that the party requesting a trial date "shall file a written request for a telephone status conference." It also provides that "[e]ach judge shall set out his/her own requirements for a Pre-Trial Order," followed by a prescribed sample pretrial order. At the bottom of the sample pretrial order is a suggested order fixing the trial date:
ORDER
IT IS ORDERED that this matter be set for trial on the ___ day of _____, *493 20 ___, at ___ o'clock ___ .m./the week of ____, 20 ___, with a final pre-trial conference on the ___ day of ____, 20___, at ___ o'clock ___ .m. ____, Louisiana this ___ day of _____, 20___
 ______________________
 JUDGE, DIVISION "____"
 21ST JUDICIAL DISTRICT
 COURT[5]
Given the position of the virgule or slash, the above order obviously allows the trial court two options in setting a trial date: (1) a specific, determinate trial date, or (2) an indeterminate trial date within a specific week, with a specific, determinate "final pre-trial conference" (presumably during which the actual trial date is set). This reading is corroborated by other language from the same local court rule, which provides that "[a]ll civil matters set for trial shall be set for `the week of [sic] settings unless specifically set by the Trial judge."[6] (Emphasis supplied). Significantly, the local rule provides no procedure or guidance regarding the priority or order of preference of multiple trial fixings under either option.
The actual pretrial order issued in this case differs significantly from the trial court's own sample pretrial order, in that it purports to set both a specific, determinate trial date and a "final pre-trial conference" on the same date, with no direct mention of a "the week of" setting:
The matter was set for trial by bench June 21st 2004 with final pre-trial conference at 1:00 P.M. Monday the 21st day of June 2004. Witnesses should be on "standby" for Tuesday following at 9:30 A.M. Conference must be attended by trial counsel. (Emphasis supplied.)
The order also specifically stated: "This is a firm trial date which has been assigned after consultation with you at a telephone or chambers status conference." (Emphasis supplied.) Despite the order's characterization of Monday, June 21, or possibly Tuesday, June 22, 2004, as a "firm trial date," neither date was in fact the trial date.
Louisiana Code of Civil Procedure article 1572 provides:
The clerk shall give written notice of the date of trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference. (Emphasis supplied.)
This article's language is mandatory. The record and the trial order show no waiver by defendants of the right to notice of trial, and the trial order itself directed the clerk to "[p]lease send notice to all counsel of record[.]"
In the case of Davis v. Dunn & Bush Construction, 01-2472, pp. 3-4 (La.App. 1st Cir.4/9/03), 858 So.2d 451, 453, we held:
When a trial court provides written notice of a trial date to the attorney of record, but the attorney thereafter moves to withdraw as attorney of record, the trial court bears the responsibility of ensuring that the litigant receives notice of the pending trial in writing. [Footnote omitted.] The court can satisfy *494 this notice requirement by reissuing the notice of trial to the unrepresented litigant directly. Otherwise, the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness. [Footnote omitted.] (Emphasis supplied.)
In our subsequent decision in the same case, Davis v. Dunn & Bush Construction, 01-2472, p. 4 (La.App. 1st Cir.8/20/03), 859 So.2d 155, 158, we observed that "[a]dequate notice is one of the most elementary requirements of procedural due process; it is fundamental to our system of laws that there be notice prior to trial, except in extraordinary cases, such as executory process." Due process at a minimum requires deprivation of life, liberty, or property be preceded by notice and an opportunity to be heard at a meaningful time. Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699, 701 (La.App. 1st Cir.1985). The trial of a case is unquestionably one of the meaningful occasions at which the parties must be given an opportunity to be heard, and adequate notice thereof is one of the most fundamental requirements of procedural due process. Id.
The supplemented record and evidentiary hearing transcript conclusively prove that separate written notice of the assigned trial date (June 21, 2004) was not sent to defendants by the trial court upon the withdrawal of their original counsel, although defendants were in fact notified of that purported trial date by letter from their former attorney. The evidence also conclusively shows that defendants did not receive any notice from their former attorney of the date or time of the "final pre-trial conference." Likewise, the trial court did not issue any separate notice of the "final pretrial conference" or of the action taken at the "final pre-trial conference" to defendants after their attorney was improperly permitted to withdraw.
The trial transcript bears the caption, "Transcript of the Proceedings [,] Thursday June 24, 2004, 12:02 a.m. [sic] [,] before the Honorable Bruce C. Bennett, Judge, Presiding." The trial judge opened the proceedings by stating the following:
For the record, this matter was set for trial, was pre-tried at 1:00 Monday, there was no appearance by the respondent, by the defendant, and consequently, the matter was set for trial, a minute entry was made for 11 o'clock this morning, the defendant has not appeared, it's now 12:02. Mr. Yokum, you may proceed with the confirmation or presentation of your case. (Emphasis supplied.)
The foregoing demonstrates that the case was not actually set for trial until the "final pre-trial conference," and that the trial in fact was set for and commenced Thursday, June 24, 2004. Likewise, the trial court's minute entry for that date unequivocally states: "This day this matter came before the Court for trial on the merits pursuant to previous order of assignment." (Emphasis supplied.) It specifically noted that "[t]he defendant [sic] was not present nor represented by counsel[,]" and that "[t]he matter was then taken up in the nature of a confirmation [of a default judgment]." (Emphasis supplied.)[7]
*495 The record of this matter, as supplemented, contains no final pretrial order or minute entry relating to the action taken at the "final pre-trial conference" held on Monday, June 21, 2004; significantly, no minute entry documents the selection or assignment of the actual trial date later that week. Likewise, there is no indication that the trial court undertook to impose any sanctions authorized by La. C.C.P. art. 1551(C), such as the sanction of default judgment, upon defendants for their failure to appear at the final pretrial conference. And even if it had done so, such action would probably have constituted an abuse of discretion, given the lack of proof that defendants ever received notice of the conference. See Benware v. Means, 99-1410, pp. 12-13 (La.1/19/00), 752 So.2d 841, 848-49.
As we observed in our original opinion in this matter, trial courts have an affirmative duty of ensuring and verifying that unrepresented parties receive adequate prior notice of trial. Spiers, 04-2189 at p. 12, 927 So.2d at 1165. And "[i]n light of the relatively uncommon nature of civil trial assignments in this trial court, the adequacy of notice of trial to defendants is particularly crucial." Id., 04-2189 at p. 13, 927 So.2d at 1166. We explained:
The practice of "weekly" trial assignments, with an indeterminate date for the actual opening of trial within the week, is obviously designed to accommodate multiple trial assignments within the same week. Ordinarily, the practice does not unduly inconvenience parties represented by attorneys. However, in order for unrepresented parties to receive proper notice of trial under this practice, they must be adequately notified of the necessity of attending the final pretrial conference and being prepared for trial at any time that week the trial may commence after the conference.
Id., 04-2189 at p. 13 n. 8, 927 So.2d at 1166 n. 8.
This court is fully cognizant of the authority and necessity for trial courts to manage their trial dockets efficiently, and that multiple trial assignments during a specified week may be used to accomplish that end. Nevertheless, such a procedure must afford adequate and proper notice of either the actual trial date or any "final pre-trial conference" determining such date, and it must also accommodate the rights of unrepresented parties who may be unaware of the purposes of such a pretrial conference.
The tentative phrasing of the March 25, 2004 letter to defendants, coupled with its lack of any notice of the final pretrial conference and a "the week of" trial fixing, could only serve to promote confusion or complacency on the part of defendants. The trial court's error in permitting the withdrawal of defendants' original attorney without compliance with Rule 9.13 and the inadvertent failure to reissue adequate notice of the trial date and final pretrial conference compounded the prejudice to *496 defendants. Given the unique circumstances of this case, we conclude that defendants received at best equivocal notice of trial, but not the unequivocal notice required by law.

Propriety of Appellate Review of Interlocutory Judgment Denying Motion to Dissolve Sequestration
On en banc rehearing, this court vacated the original panel's decision dismissing defendants' appeal in part, as to the trial court's judgment denying their motion to dissolve those orders, and indicated that that judgment would be reviewed "along with review of the trial court's judgment on the main demand, following action by the trial court on remand." Spiers, 04-2189, p. 9 (La.App. 1st Cir.5/19/06), 927 So.2d at 1171-72. However, because of our determination that the judgment on the main demand is null and must be vacated for lack of proper notice, with the case remanded for further proceedings, we consider it inappropriate to conduct review of that nonappealable interlocutory ruling at this time. As pointed out by this court on en banc rehearing:
It is conceivable that even after a motion to dissolve a writ of seizure has been denied, that [sic] by means of discovery or upon trial of the merits, additional facts could be revealed that would invalidate the seizure and possibly warrant a claim for damages. To allow an appeal from the initial denial of a request for dissolution when a defendant might in the course of litigation on the main demand procure the dissolution would be to promote piecemeal appeals.

Id., 04-2189 at p. 7 n. 8, 927 So.2d at 1170 n. 8. (Emphasis supplied.)
Consideration of the interlocutory judgment denying defendants' motion to dissolve the sequestration at this time, absent a valid final judgment on the main demand, would conflict with the foregoing rationale, which represents the law in this circuit. Rather, review of the interlocutory judgment should be conducted, if appropriate, along with review of the final judgment in the merits following this remand. Accordingly, defendants are free to re-urge the grounds of their motion to dissolve the sequestration orders and to seek damages for improper sequestration through a new motion or on the trial on the merits. See Spiers, 04-2189 at p. 7, 927 So.2d at 1170 (on rehearing).

CONCLUSION
We previously found merit in defendants' assigned error relating to the ex parte withdrawal of their original attorney. Based upon our review of the evidence considered in light of the applicable law, we also agree that defendants did not receive the adequate notice of trial required by La. C.C.P. art. 1571, Rule 9.13 of the Rules for Louisiana District Courts, and procedural due process. Given the particular circumstances of this case, we vacate the judgment rendered in favor of plaintiff and against defendants, and remand this matter to the trial court for further proceedings consistent with this opinion. By reason of this ruling, it is unnecessary for us to consider defendants' other assignments of error in this appeal.[8] All costs of this appeal are assessed to the plaintiff, Angela Spiers.
JUDGMENT ON THE MERITS VACATED AND CASE REMANDED; INTERLOCUTORY JUDGMENT NOT CONSIDERED.
DOWNING, J., concurs and assigns reasons.
*497 I concur with the opinion. This defendant had actual notice and forgot. We appear to be applying form over substance. However, the word "shall" means mandatory.
NOTES
[1] In the same letter, Ms. Roye acknowledged that she was seeking advice from other attorneys ten days before the trial date. At the evidentiary hearing on remand, defendants objected to introduction of the letter addressed to the Louisiana State Bar Association's Office of Disciplinary Counsel, but that objection was overruled by the trial court. As the letter was offered by plaintiff's counsel, who was the subject of the complaint, we find no error in the trial court's ruling that it was admissible despite a claim of confidentiality.
[2] Defendants contended that (1) the trial court erred in granting a sequestration of property since plaintiff failed to prove an ownership interest, right to possession, security interest, or privilege relating to the property; (2) the trial court erred in proceeding to trial prior to issue being joined on all demands asserted by all parties; (3) the trial court erred in allowing the ex parte withdrawal of defendants' prior counsel after the case had been assigned for trial; (4) the trial court erred in proceeding to trial and rendering judgment, since defendants had no notice of trial; (5) the trial court erred in rendering judgment in the nature of a confirmation of a default judgment, since defendants filed an answer; (6) the trial court erred in signing a written judgment which was materially inconsistent with its oral ruling; and (7) the trial court's judgment was manifestly erroneous since it was based upon insufficient evidence.
[3] This court's original panel also dismissed defendants' appeal in part on the issue of the denial of their motion to dissolve the sequestration orders, but that ruling was set aside on en banc rehearing. Id., 04-2189 at pp. 8-9, 927 So.2d at 1171 (on rehearing).
[4] Paragraphs (d) and (e) of Rule 9.13 provide: (d) The court may allow an attorney to withdraw on ex parte motion if:

(1) The attorney has been terminated by the client; or
(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or
(3) No hearing or trial is scheduled, or the case has been concluded.
(e) If paragraph (d) does not apply, then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney's client must be served with a copy of the motion and rule to show cause why it should not be granted.
[5] Rules for Louisiana District Courts, Rule 9.14(a), Appendix 8 (Rule 9.14), 21st Judicial District Court, par. 1.
[6] Rules for Louisiana District Courts, Rule 9.14(a), Appendix 8 (Rule 9.14), 21st Judicial District Court, par. 2.
[7] Prior to the taking of testimony and evidence, the trial court ordered the severance of the trial on an intervention by the Louisiana Used Motor Vehicle and Parts Commission, filed with leave of court on May 13, 2004. In doing so, however, the trial court significantly observed that answers to the petition of intervention had not been filed, and that the case "shouldn't have been set for trial without all issues joined." See La. C.C.P. art. 1571(A)(2) and Rules for Louisiana District Courts, Rule 9.14(a), Appendix 8 (Rule 9.14), 21st Judicial District Court, par. 1. The latter local rule requires the party requesting a telephone status conference for the purpose of assigning a trial date to verify in a written request that "all issues have been joined." Here, at the time that the request was made and the conference took place, the petition of intervention had not yet been filed and plaintiff had not answered defendants' reconventional demand.
[8] See n. 2, supra.