PITMAN, J.
*1234 Defendant-Appellant Teresa Green Jurgens appeals the trial court's judgment in favor of Plaintiff-Appellee Bert Howell, Jr. For the following reasons, we vacate the judgment of the trial court and remand for further proceedings.
FACTS
On December 27, 2017, Mr. Howell filed a petition and stated that he and Ms. Jurgens lived together for many years, but recently separated. He alleged that she refused to allow him to retrieve from her house items belonging to him and his mother. He provided a list of these items: personal documents such as his birth certificate, social security card and tax returns; two horses, a horse trailer and a saddle and tack; a boat, boat trailer and fishing equipment; bedroom furniture, including a bed, a dresser and a chest of drawers; two mounted deer heads; an alarm; two cowboy hats; tool boxes and tools; a gas generator and two gas cans; two window air conditioners; a Bowflex exercise system; his clothing; his pillow; and a crossbow. Mr. Howell requested that the trial court issue an ex parte temporary restraining order enjoining Ms. Jurgens from abusing or harassing him and from transferring, damaging or disposing of his property. He requested that she return all his items or pay their value in the event that she has disposed of or damaged them.
On January 8, 2018, the trial court signed a temporary restraining order.
At a hearing on March 5, 2018, counsel for Mr. Howell noted that counsel for Ms. Jurgens was not present in court because he was in the hospital, but that they agreed to continue the case to May 1, 2018. Counsel for Mr. Howell stated that counsel for Ms. Jurgens would be notified by telephone call of the new court date. The minutes of the court from this date state "No notice to be sent by clerk."
A hearing was held on May 1, 2018. Mr. Howell and his counsel were present, but Ms. Jurgens was not present and was not represented by counsel. Counsel for Mr. Howell stated that in a letter dated April 11, 2018, Ms. Jurgens's counsel informed her that he would not be able to represent her further. Mr. Howell testified that he and Ms. Jurgens lived together in her house, but never married. He discussed the items listed in his petition and stated that he wanted all of his possessions except the bed, the horse named Blue Girl and two gas cans. He requested that a law enforcement officer accompany him to retrieve his items from Ms. Jurgens's house. He also requested that the restraining order be made permanent to stop Ms. Jurgens from harassing him and destroying his property. The trial court found that the items listed in the petition were the property of Mr. Howell. It specified that the horse trailer and boat trailer were the property of Mr. Howell and ordered Ms. Jurgens to execute any documents necessary to place ownership in Mr. Howell's name. It ordered that Ms. Jurgens return to Mr. Howell all of the items that Mr. Howell testified that he wanted and stated that she would be held in contempt for her failure to do so. It also ordered a sheriff's deputy to accompany Mr. Howell to retrieve his property. It granted Mr. Howell's requests for restraining orders and assessed all costs of the proceeding against Ms. Jurgens.
*1235 On May 9, 2018, the trial court filed a judgment and issued a preliminary and permanent injunction restraining, enjoining and prohibiting Ms. Jurgens or her agents from any form of abuse or harassment of Mr. Howell and from going to his place of residence, his place of employment or any place where he is located. It ordered that Ms. Jurgens return to Mr. Howell the items listed in his petition, except for a bed, the horse named Blue Girl and two gas cans.
On May 21, 2018, Ms. Jurgens filed a motion for new trial. She stated that she was not represented by counsel and was not notified that the hearing set for March 5, 2018, was continued to May 1, 2018. She received notice of the judgment on May 17, 2018. She argued that the judgment should be declared null and void and that the matter be set for trial.
A hearing on the motion for new trial was held on June 22, 2018. The trial court discussed the procedural history of the case and stated that Ms. Jurgens's counsel was present in court when the continuance was granted. Ms. Jurgens stated that her attorney did not inform her of the May 1, 2018 court date and that she was not served with notice of this court date. The trial court found that there was no basis for ordering a new trial and denied Ms. Jurgens's motion.
Ms. Jurgens appeals.
DISCUSSION
In her sole assignment of error, Ms. Jurgens argues that the trial court erred in granting judgment where the principal demand must be tried as an ordinary proceeding, the issues were not joined either by preliminary default or answer and she did not appear and waive the lack of preliminary default or answer. She requests that this court take notice of the record showing that the issues were not joined, find that the judgment is invalid and remand the case for trial after the issues are joined between the parties.
Mr. Howell argues that the trial court correctly ruled that a permanent injunction should issue and that Ms. Jurgens should deliver the property to him. He states that Ms. Jurgens was served with the original petition and that her counsel agreed to a new court date of May 1, 2018. He contends that when neither Ms. Jurgens nor her counsel was present in court on March 5 or May 1, 2018, it was proper for the trial court to proceed on the case and render judgment. He states that although Ms. Jurgens did not file an answer and no preliminary default was entered, the matter was properly set for a hearing on the preliminary injunction and trial by consent of the parties.
Louisiana Code of Civil Procedure article 1571 requires adequate notice of trial to all parties. Procedural due process requires an opportunity to be heard at a meaningful time. Hayes v. Panola-Harrison Elec. Co-op., Inc. , 564 So.2d 738 (La. App. 2 Cir. 1990). The trial of the case is unquestionably one of the meaningful occasions at which the parties must be given an opportunity to be heard. Id.
A review of the record does not demonstrate that Ms. Jurgens received adequate notice of the May 1, 2018 trial date. The record suggests that Ms. Jurgens was served with Mr. Howell's petition and an order setting a rule to show cause hearing for March 5, 2018. She did not file an answer, and no default judgment was entered. Neither she nor her attorney was present in court on March 5, 2018, when counsel for Mr. Howell moved to continue the matter to May 1, 2018. Although counsel for Mr. Howell and the trial court stated that counsel for Ms. Jurgens would be notified of the continuance by phone *1236 call, the record does not demonstrate whether her counsel received this notice or if he notified Ms. Jurgens of the continuance prior to withdrawing as her counsel.
The transcript of the June 22, 2018 hearing on Ms. Jurgens's motion for new trial suggests that the trial court based its denial of her motion on an incorrect recitation of the procedural history. The trial court stated that Ms. Jurgens's counsel was present at the March 5, 2018 hearing and requested a continuance, which was granted and was, therefore, aware of the new court date. To the contrary, the transcript and minutes from March 5, 2018, state that counsel for Ms. Jurgens was not present in court that day and that counsel for Mr. Howell requested the continuance.
Fundamental fairness and due process dictate that Ms. Jurgens was entitled to receive adequate notice of the May 1, 2018 trial date. The record does not demonstrate that she received proper notice. Accordingly, this assignment of error has merit, and we vacate the judgment of the trial court.
CONCLUSION
For the foregoing reasons, we vacate the judgment of the trial court in favor of Plaintiff-Appellee Bert Howell, Jr. and against Defendant-Appellant Teresa Green Jurgens and remand for further proceedings. Costs are assessed to Plaintiff-Appellee Bert Howell, Jr.
VACATED AND REMANDED.