ELLIS, Judge:
Plaintiffs herein are seeking to cancel an oil gas and mineral lease held by Humble Oil and Refining Company and covering over 14,000 acres of land in Assumption and St. James Parishes. Plaintiff, Hugh A. Hawthorne, purchased the said property on May 6, 1965, and on June 8, 1965, conveyed an undivided 3% interest in all of the property to plaintiff, Peter E. DesJardins. After a formal demand was made for the cancellation of the lease, and such demand refused by defendant, this suit was instituted on August 24, 1965. On September 3, 1965, Hawthorne and DesJardins sold a portion of the property covered by the subject leased to the third plaintiff herein, Lawrence P. Ordoyne. In the conveyance to him, Ordoyne took cognizance of this suit having been filed, and obligated himself to become a party plaintiff and pay his proportionate part of the costs and fees in connection therewith. No reservation of minerals is made in that deed.
On September 20, 1965, there was an act of exchange whereby Ordoyne received an undivided half interest in the minerals under certain properties belonging to Hawthorne and DesJardins, and transferred to them an undivided one half of the minerals under the property which he had acquired on September 3.
*53 On July 22, 1966, defendant, Humble Oil, filed a rule requiring Ordoyne to show cause why he should not be ordered to transfer the properties acquired by him in the above described act of sale and act of exchange to Humble Oil & Refining Co. for the consideration expressed therein, under the provisions of Article 2652 of the Louisiana Civil Code. This article provides as follows:
“He against whom a litigious right has been transferred, may get himself released by paying to the transferree the real price of the transfer, together with the interest from its date.”
By judgment dated January 6, 1967, the said rule was dismissed.
Humble petitioned for a devolutive appeal from the said judgment, which, on January 23, 1967, was denied by the trial court for the reason that “the judgment sought to be appealed from is not a final appealable judgment.” Pursuant to that latter judgment, this application for writs was filed.
In the application, relator sets forth four issues presented to the court thereby, three of which relate to the merits of the case. With reference to those points, we find that it is not necessary for us to consider them at this time. If, in fact, the judgment is a final and appealable judgment, relator’s remedy is by an appeal at this time. If the judgment should be found to be interlocutory in character, then relator’s remedy is by appeal after resolution of all of the issues in the case.
The basic law relating to appeals in Article 2083 of the Code of Civil Procedure, which provides as follows:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Comments appearing thereunder read as follows:
“(a) The general concept that there is no appeal except in the case of final judgments is universal in order to prevent piecemeal appeals. (Citations omitted) However, the right to appeal certain interlocutory judgments, where irreparable injury would otherwise result, is retained in this Code.”
As to what a final judgment is, Article 1841 of the Code of Civil Procedure- reads as follows:
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
Article 1915 of the Code, relating to partial judgments, reads in part as follows:
“A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
“(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
“If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.”
In the case before us, the trial court adjudicated an issue entirely separate and distinct from the cause of action set forth in the petition. The result of that decision was to maintain Ordoyne in the case as a party plaintiff, and to relieve him of *54 the necessity of transferring the property he had acquired from the other plaintiffs to the defendant. Had the decision been favorable to relator herein, it would have become an owner in indivisión with plaintiffs of part of the property in dispute herein, and would have been faced with one less plaintiff. It certainly appears clear that if relator is entitled to the relief which it seeks, it would not be fair to burden Ordoyne with the cost of the prosecution of this law suit. On the other hand, it seems equally important that he not be left in doubt as to his eventual status in this case.
Although the judgment complained of herein cannot in any way effect the outcome of this case on the merits, it certainly does effect the right of some of the parties hereto, and the judgment does settle those rights finally.
It seems clear to us that this is just such a partial judgment as is contemplated by Article 1915, and equally clear that such a judgment is appealable without the necessity of waiting for the final determination of the case on its merits.
Under the express provision of Article 1915, the granting of an appeal from the judgment complained of cannot interfere with the progress of the case on the merits.
We are of the opinion that the judgment sought to be appealed from is a final judgment, within the meaning of Article 2083, and that the district court should have granted the devolutive appeal prayed for. In connection with this matter, see the cases of Cary v. Richardson, 35 La.Ann. 505 (1883) ; Voisin v. Luke, 142 So.2d 815 (La. App. 1 Cir. 1962); Talley v. Bradley, 177 So.2d 624 (La.App. 3 Cir. 1965).
For the above and foregoing reasons, it is ordered that the Hon. J. Adolph Menuet, Judge of the 23rd Judicial District Court for the Parish of Assumption, grant a de-volutive appeal to relator, Humble Oil & Refining Co., from the judgment rendered by him on the 6th day of January, 1967.
SUPPLEMENTAL OPINION
PER CURIAM.
The district judge in this case has inquired if he may proceed to trial on the merits.
It is true that in our opinion we stated that it would not be fair to Ordoyne to burden him with the cost of prosecution if he is no longer a proper party to the case. However, we did not intend to intimate that this consideration would override the express provisions of Article 1915 of the Code of Civil Procedure, under which the trial judge “retains jurisdiction to adjudicate the remaining issues in the case.”
As we interpret the above provision, the mode of procedure as to the “remaining issues” is as much at the discretion of the district judge as is in any other suit. If any inequities result, it is a problem which addresses itself to the legislature rather than to the courts.