WATKINS, Judge.
We have supplied a motion to dismiss the present appeal of Big Four Crane Service, Inc. in its suit against Owl Construction Company because there is no final judgment from which to appeal. We now dismiss Big Four’s appeal.
Big Four sued Owl seeking a money judgment for services rendered defendant, and a writ of sequestration seizing a crane owned by Owl and allegedly hauled by Big Four, contending a hauler’s lien attached by virtue of LSA-R.S. 9:4601. A writ of sequestration was issued. Owl furnished a bond to have its crane released, and filed a rule to have the writ of sequestration dissolved. After trial on the rule the trial court, by judgment dated October 11, 1983, refused to dissolve the writ of sequestration, and further granted an in rem judgment against the crane to be satisfied first out of the bond and then from the crane. Owl filed a motion for a new trial on the rule to dissolve. By judgment dated February 8, 1984, the trial court denied the rule to dissolve the sequestration of the crane, but rescinded its in rem judgment. It is from this judgment that Big Four has appealed. Owl has answered the appeal, on grounds not here pertinent.
The difficulty with this appeal is that the judgments of October 11, 1983, and February 8, 1984, are not final judgments, but rather interlocutory judgments as there was no trial on the merits, and no judgment on the merits, but merely a judgment on rule. See LSA-C.C.P. art. 1841.
LSA-C.C.P. art. 2083 reads as follows:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
As there is no showing of irreparable injury, and no additur or remittitur, and as the judgment sought to be appealed is interlocutory, the matter is not subject to appeal, and the appeal must be dismissed, for want of a final judgment from which to appeal.
Accordingly, the appeal is dismissed, at the expense of Big Four Crane Service, Inc.
APPEAL DISMISSED.