927 So.2d 1158 (2006)
Angela SPIERS, d/b/a Act Dealer Services
v.
Lorraine ROYE and Interstate Motors, Inc.
No. 2004 CA 2189.
Court of Appeal of Louisiana, First Circuit.
February 10, 2006.
Opinion Granting Rehearing May 19, 2006.
*1160 Leonard E. Yokum, Jr., Hammond, Counsel for Plaintiff/Appellee Angela Spiers, d/b/a ACT Dealer Services.
E. Wade Shows, Jo Ann Lea, Baton Rouge, Counsel for Defendants/Appellants Lorraine Roye and Interstate Motors, Inc.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
Opinion Granting Rehearing En Banc May 19, 2006.
GAIDRY, J.
This is an appeal of a money judgment and prior sequestration orders in a dispute arising from an alleged business agreement between the adverse parties. We dismiss the appeal in part, but remand this matter to the trial court for further proceedings before determining the remaining issues on appeal.

FACTS AND PRIOR PROCEEDINGS
The plaintiff-appellee, Angela Spiers, instituted this litigation on April 25, 2003, by filing a verified petition seeking damages for defamation, injunctive relief, and sequestration of property. She alleged that the defendant-appellant, Lorraine Roye, defamed her on April 15, 2003 at a used car auction by publicly accusing her of stealing that defendant's automobile dealer "tag." She also alleged the existence of a prior business arrangement with Ms. Roye and the other defendant-appellant, Interstate Motors, Inc., of which Ms. Roye was the sole stockholder. According to plaintiff's petition, the parties were engaged in a joint venture, the terms of which provided that plaintiff would purchase automobiles on behalf of the defendant corporation using her own funds, and those automobiles would then be sold by the corporation. Upon each sale, plaintiff would be repaid the funds expended in its purchase and additionally receive one-half of all monthly installment payments made to the corporation by the purchaser. Plaintiff further alleged that Ms. Roye unilaterally terminated the joint venture shortly prior to April 15, 2003. Plaintiff sought an injunction prohibiting defendants from disposing of any funds received from monthly payments and as sequestration of "at least three" vehicles purchased with her funds and still on the business premises.
On April 30, 2003, the trial court signed an order issuing a writ of sequestration of the three vehicles described in the petition and ordered a hearing on the request for an injunction. That hearing, set for June 23, 2003, was continued due to the incomplete status of discovery.
On May 22, 2003, defendants filed an answer in proper person, consisting of a one-page general denial. On the same date, plaintiff filed a request for a trial date, and a telephone conference was scheduled pursuant to the trial court's local rules. No trial date was assigned as the result of that conference. Defendants' original attorney moved to enroll as their counsel of record by motion filed July 15, 2003, and the order granting that motion was signed July 18, 2003.
On September 10, 2003, defendants filed another detailed answer and reconventional *1161 demand. In their reconventional demand, defendants alleged that no business arrangement existed between the parties and that plaintiff, as an employee, misappropriated approximately $41,000.00 in cash payments made by business customers. No answer to the reconventional demand was ever filed by plaintiff.[1]
On December 19, 2003, plaintiff filed a verified petition for sequestration in the same proceeding, referencing her original petition and seeking a second sequestration order directing the seizure of all movables, records, and funds of the defendant corporation. On the same date, the trial court ordered the issuance of the requested writ of sequestration.
On January 26, 2004, defendants filed a motion to dissolve the sequestration orders and alleged that the orders were wrongfully issued, entitling them to recovery of damages and attorney's fees. Defendants' motion was heard on February 25, 2004, and denied by the trial court in an oral ruling.
On February 27, 2004, defendants filed a motion requesting a status conference to set discovery deadlines and a trial date.
On March 1, 2004, the trial court signed its judgment denying defendants' motion to dissolve the sequestration orders and dismissing their claims for damages and attorney's fees. Defendants moved for a new trial on March 10, 2004.
On March 25, 2004, the telephone status conference requested by defendants was held. The case was set for trial during the week of June 21, 2004.[2] The trial order was signed and filed the same date, bearing the directive to "[p]lease send notice to all counsel of record[.].
On May 13, 2004, a petition of intervention was filed by the Louisiana Used Motor Vehicle and Parts Commission on behalf of consumers who had initiated complaints concerning their inability to receive the certificates of title to vehicles purchased from the defendant corporation. The record does not contain any answer to the petition of intervention by either plaintiff or defendants.
The hearing on defendants' motion for a new trial was held on May 17, 2004. At the conclusion of the hearing, the trial court denied defendants' motion. Its judgment in that regard was signed on May 26, 2004, and notice of that judgment was mailed the following day.
The day after the hearing on defendants' motion for new trial, May 18, 2004, defendants' prior counsel filed an ex parte motion to withdraw from their representation. The order accompanying the motion was signed by the trial court on May 26, 2004.
The trial on the merits was held on June 24, 2004.[3] Defendants did not appear for trial. Prior to the taking of testimony and evidence, the trial court ordered the severance of the trial on the intervention.
On August 19, 2004, defendants filed a motion for a devolutive appeal from the judgment on the merits.

*1162 ASSIGNMENT OF ERRORS
Defendants have specified seven errors on the part of the trial court, which we summarize as follows:
(1) The trial court erred in granting a sequestration of property since plaintiff failed to prove an ownership interest, right to possession, security interest, or privilege relating to the property.
(2) The trial court erred in proceeding to trial prior to issue being joined on all demands asserted by all parties.
(3) The trial court erred in allowing the ex parte withdrawal of defendants' prior counsel after the case had been assigned for trial, as his motion to withdraw did not comply with Rule 9.13 of the Louisiana Rules for District Courts.
(4) The trial court erred in proceeding to trial and rendering judgment, since defendants had no notice of trial.
(5) The trial court erred in rendering judgment in the nature of a confirmation of a default judgment, since defendants filed an answer.
(6) The trial court erred in signing a written judgment which was materially inconsistent with its oral ruling at the conclusion of the trial.
(7) The trial court's judgment was manifestly erroneous since it was based upon insufficient evidence.

DISCUSSION
Because our determination of some assigned errors is dependent upon the determination of others, we address these issues in a sequence different from that presented above.

Sequestration
Sequestration is a provisional remedy available for the seizure of property as to which the seizing party claims a property, possessory, or security interest, to prevent the disposal or concealment of the property by another party. La. C.C.P. arts. 3571, et seq. The writ of sequestration is conservatory in nature, used to preserve a creditor's right to execute on a judgment against a debtor on the merits of a principal demand. Sarpy Properties, Inc. v. Diamond Shoe Stores of Louisiana, Inc., 99-1304, p. 6 (La.App. 5th Cir.5/17/00), 761 So.2d 769, 774, writ denied, 00-1760 (La.9/22/00), 768 So.2d 604. It is thus ancillary to the principal demand for a money judgment. Carrier Leasing Corporation v. Ready-Mix Companies, Inc., 372 So.2d 601, 605 n. 6 (La.App. 4th Cir.), writ denied, 375 So.2d 943 (La.1979).
An order or writ of sequestration is an interlocutory judgment, and therefore not appealable in the absence of a showing of irreparable injury. See La. C.C.P. art. 2083 and Big Four Crane Service, Inc. v. Owl Construction Co., Inc., 471 So.2d 992 (La.App. 1st Cir.), writ denied, 476 So.2d 350, 351 (La.1985). However, when a motion to dissolve an interlocutory sequestration order also seeks damages and attorney's fees for wrongful sequestration under La. C.C.P. art. 3506, the demand for damages is the equivalent of an incidental demand. Sarpy Properties, 99-1304 at p. 7, 761 So.2d at 774. Thus, the trial court's judgment of March 1, 2004, denying defendants' motion to dissolve the sequestration orders, was a final and appealable judgment. Id. See also Carrier Leasing Corporation, 372 So.2d at 603 n. 3.
The record shows that notice of the judgment of May 26, 2004 denying defendants' motion for new trial was mailed on May 27, 2004, and the names of plaintiff's counsel and defendants' former counsel appear on the notice. The clerk's signed certificate expressly states that the notice was also sent to "such of the litigants, if any, who are not represented by counsel," although defendants' names do not appear *1163 on the notice. Defendants have not raised any issue of failure to receive notice of that judgment.
Because defendants' devolutive appeal was taken over sixty days from the date of mailing of the notice, defendants cannot appeal the judgment denying their motion to dissolve the sequestration orders. They likewise cannot appeal the interlocutory sequestration orders as part of their appeal of the judgment on the merits, as the judgment denying their motion to dissolve the sequestration orders determined the identical issues.[4]See La. R.S. 13:4231(3). Accordingly, this court lacks jurisdiction to consider the issues determined by the trial court's judgment of March 1, 2004. We therefore dismiss defendants' appeal in part insofar as it seeks relief from the sequestration orders and the judgment denying their motion to dissolve those orders. See La. C.C.P. art. 2162.

Setting of Trial Before All Issues Joined; Improper Use of Default Judgment Procedure; Conflict Between Written Judgment and Oral Reasons; Insufficient Evidence and Manifest Error
Because of our action taken relating to the issue of adequate prior notice of trial, discussed below, we defer final resolution of these issues pending further proceedings in the trial court.[5]

Ex Parte Withdrawal of Original Attorney
Defendants contend that the trial court erred in permitting their original attorney to withdraw on a motion that did not comply with Rule 9.13 of the Rules for Louisiana District Courts. The rule reads as follows, in pertinent part:
Rule 9.13 Withdrawal as Counsel of Record
Enrolled attorneys have, apart from their own interests, continuing legal and ethical duties to their clients, all adverse parties, and the court. Accordingly, the following requirements govern any motion to withdraw as counsel of record:
(a) The withdrawing attorney who does not have written consent from the client must make a good-faith attempt to notify the client in writing of the withdrawal and of the status of the case on the court's docket. The attorney must *1164 deliver or mail this notice to the client before filing any motion to withdraw.. . . .
(c) Any motion to withdraw must include the following information:
(1) The motion must state current or last-known street address and mailing address of the withdrawing attorney's client. The withdrawing attorney must also furnish this information to the clerk of court.
(2) If a scheduling order is in effect, a copy of it must be attached to the motion.
(3) The motion must state whether any conference, hearing, or trial is scheduled, and, if so, its date.
(4) The motion must include a certificate that the withdrawing attorney has complied with paragraph (a) and with Rule 1.16 of the Rules of Professional Conduct, Louisiana State Bar Association, Articles of Incorporation, Art. 16. A copy of the written communication required by paragraph (a) must be attached to the motion.
(d) The court may allow an attorney to withdraw on ex parte motion if:
(1) The attorney has been terminated by the client; or
(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or
(3) No hearing or trial is scheduled, or the case has been concluded.
(e) If paragraph (d) does not apply, then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney's client must be served with a copy of the motion and rule to show cause why it should not be granted.
(f) If counsel's withdrawal would delay a scheduled hearing or trial, the court will not allow the withdrawal, unless exceptional circumstances exist.
. . . .
The motion to withdraw filed by defendants' original attorney stated only that he "desire[d] to withdraw as counsel of record"; it does not state whether he was discharged by defendants or whether he had defendants' and plaintiff's written consent to withdraw from defendants' representation. It likewise did not state that a trial had been scheduled and the date of trial. Accordingly, under Rule 9.13(d), it was patently improper for the trial court to grant that motion on an ex parte rather than on a contradictory basis.
Both attorneys and the courts are charged with the duty of familiarity with court rules promulgated by our supreme court. Because of the relationship of this assigned error with that relating to notice of trial, we will address the consequences of this legal error in connection with our determination of the latter issue.

Notice of Trial
In the case of Davis v. Dunn & Bush Construction, 01-2472 (La.App. 1st Cir.4/9/03), 858 So.2d 451, this court was confronted with a factual situation of withdrawal of counsel similar to that before us now. A workers' compensation claimant's claim was dismissed for his failure to appear at trial after his attorney was permitted to withdraw following the claimant's incarceration. The claimant appealed, arguing that the Office of Workers' Compensation (OWC) never notified him of the trial date. Because the record was unclear as to whether the claimant received any notice of trial, we remanded the case to the OWC for a hearing on that issue. In doing so, we observed:
When a trial court provides written notice of a trial date to the attorney of record, but the attorney thereafter moves to withdraw as attorney of record, *1165 the trial court bears the responsibility of ensuring that the litigant receives notice of the pending trial in writing. [Footnote omitted.] The court can satisfy this notice requirement by reissuing the notice of trial to the unrepresented litigant directly. Otherwise, the court must receive `reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness. [Footnote omitted.]
Id., 01-2472 at pp. 3-4, 858 So.2d at 453.
Judge Whipple dissented in part and concurred in part. In her partial concurrence, she summarized prior jurisprudence as holding that "the `reasonable proof' that will satisfy a court's notice-of-trial obligation is established by attaching to a motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial." Id., 01-2472 at p. 2, 858 So.2d at 454 (concurring and dissenting opinion). Under this reasoning, any evidence short of actual documentation of mailing or issuance of formal notice or written communication by counsel would seem to fall short of "unequivocal" proof.[6] Ultimately, following the OWC hearing, which determined that the claimant did not receive prior written notice of the hearing, this court annulled the OWC's judgment dismissing the claim. In doing so, we observed that "[a]dequate notice is one of the most elementary requirements of procedural due process; it is fundamental to our system of laws that there be notice prior to trial, except in extraordinary cases, such as executory process." Davis v. Dunn & Bush Construction, 01-2472, p. 4 (La.App. 1st Cir.8/20/03), 859 So.2d 155, 158.
The Davis cases related to proceedings before the OWC, rather than a district court, and arose prior to the adoption and promulgation of the uniform Rules for Louisiana District Courts in 2002. Rule 9.13 adopts the strict view taken in Judge Whipple's partial dissent and concurrence in Davis, and goes even further by requiring the withdrawing attorney to (1) state the client's current or last-known street and mailing addresses in the motion, and to also provide them to the clerk of court; (2) attach a copy of any scheduling order in effect to the motion; (3) state the date of any scheduled conference, hearing, or trial in the motion; and (4) attach a copy of the written notice to the client of the trial date and certify in the motion that he has complied with the rule and Rule 1.16 of the Louisiana State Bar Association's Rules of Professional Conduct. In setting out the foregoing requirements, Rule 9.13(c) makes no distinction between ex parte and contradictory motions, expressly making them applicable to "any motion to withdraw."
These mandatory duties placed upon counsel, however, do not relieve trial courts of their affirmative duty of ensuring and verifying that unrepresented parties receive adequate prior notice of trial.[7] *1166 The record before us does not reflect whether separate written notice of the trial date was sent to defendants by the trial court upon the withdrawal of their original counsel. In her brief to this court, plaintiff contends that defendants' former counsel did in fact properly notify them by letter of his withdrawal and the trial date, documented in a complaint filed with the Office of Disciplinary Counsel of the Louisiana State Bar Association. No such documentation appears in the record. An appellate court may not consider evidence which is outside the record. Further, appellate briefs are not part of the appeal record, and an appellate court has no authority to consider on appeal facts referred to in appellate briefs, if those facts are not in the record. Tranum v. Hebert, 581 So.2d 1023, 1026-27 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).
In light of the relatively uncommon nature of civil trial assignments in this trial court, the adequacy of notice of trial to defendants is particularly crucial.[8] Additionally, if Rule 9.13 is to have any practical force and effect, justice dictates that any judgment rendered at a trial held after its violation is subject to review for possible constitutional invalidity, if actual prejudice results to the client.

CONCLUSION
As to the issue of improper sequestration, we dismiss defendants' appeal in part as untimely. We find merit in defendants' assigned error relating to the ex parte withdrawal of their original attorney. From the record before us, we cannot determine whether defendants received the adequate notice of trial required by Rule 9.13 of the Rules for Louisiana District Courts and procedural due process. Given this combination of circumstances, we hereby remand this matter to the trial court for an evidentiary hearing within thirty days of the issuance of this opinion on the issue of whether defendants received proper and adequate notice of trial. The record shall be supplemented with written documentation of any correspondence between defendants' original counsel and defendants relating to his withdrawal from representation on May 26, 2004, and any written notice of trial issued by the trial court to defendants in proper person from May 26, 2004 through June 24, 2004. The record and transcript of the hearing and the trial court's minutes shall be filed with this court within twenty-one days following the hearing in order that this appeal may proceed to final disposition. Assessment of costs of appeal is pretermitted pending such final disposition.
APPEAL DISMISSED IN PART; CASE REMANDED FOR EVIDENTIARY HEARING.
Before CARTER, C.J., WHIPPLE, PARRO, KUHN, GUIDRY, PETTIGREW, GAIDRY, McDONALD, McCLENDON, HUGHES, and WELCH, JJ.
PER CURIAM, on rehearing.
An en banc rehearing was granted in this appeal solely for the purpose of revisiting the decision of this court on the issue of whether a trial court's denial of a motion to dissolve a writ of sequestration, which also sought damages for the wrongful issuance of the writ, is a final appealable *1167 judgment. In the prior opinion of this court, a three judge panel, relying primarily on Sarpy Properties, Inc. v. Diamond Shoe Stores of Louisiana, Inc., 99-1304, p. 7 (La.App. 5 Cir. 5/17/00), 761 So.2d 769, 774, writ denied, XXXX-XXXX (La.9/22/00), 768 So.2d 604, ruled that when a motion to dissolve a writ of sequestration also seeks damages under LSA-C.C.P. art. 3506 for the wrongful issuance thereof, the demand for damages is the "equivalent" of an incidental demand.[1] Thus, this court reasoned, a trial court's judgment denying a defendant's motion to dissolve a writ of sequestration is a final appealable judgment. Spiers v. Roye, 2004-2189, pp. 6-7 (La.App. 1 Cir. 2/10/06), 927 So.2d 1162, 1163. Because the defendants/appellants in this case failed to appeal the trial court judgment denying their motion to dissolve the writ of sequestration and for damages at the time it was rendered, we declined to review the issue on the appeal of the final judgment on the merits, finding that the prior ruling was conclusive by virtue of the doctrine of res judicata, as set forth in LSA-R.S. 13:4231(3).[2]
On reconsideration, we conclude that the holding announced in Sarpy Properties, Inc. v. Diamond Shoe Stores of Louisiana, Inc. was ill-founded and contrary to the reasoning and intent of this court's prior decision in Big Four Crane Service, Inc. v. Owl Construction Co., 471 So.2d 992 (La.App. 1 Cir.), writs denied, 476 So.2d 350, 351 (La.1985).

ANALYSIS
In Big Four Crane Service, Inc. v. Owl Construction Co., the plaintiff filed suit to recover fees it claimed the defendant owed for services rendered, and obtained the sequestration of a crane owned by the defendant, under a hauler's lien. The trial court denied a rule by defendant to have the writ of sequestration dissolved, and issued an in rem judgment against the crane. Following a motion for new trial on the rule filed by defendant, the denial of the dissolution was maintained, but the in rem judgment was rescinded. The plaintiff/creditor appealed. This court, on its own motion, dismissed the appeal, finding that both lower court judgments were interlocutory and therefore not appealable, "as there was no trial on the merits, and no judgment on the merits, but merely a judgment on rule," citing LSA-C.C.P. art. 1841.[3] Further citing LSA-C.C.P. art. *1168 2083,[4] this court went on to state that absent a showing of irreparable injury, the matter was not subject to appeal.
The Fifth Circuit created an exception to the Big Four ruling, holding that where the defendant has joined a claim for damages with his motion to dissolve a writ of sequestration, the denial of the motion is thereby appealable. The reason posited for this exception is that a judgment deciding a claim for damages is appealable; therefore, the otherwise nonappealable ruling on the motion to dissolve the sequestration can be considered in conjunction with the appealable ruling. See Sarpy Properties, Inc. v. Diamond Shoe Stores of Louisiana, Inc., 99-1304 at p. 7, 761 So.2d at 774; Sunalma Financial Enterprises, S.A. v. Zervoudis, 96-485 (La.App. 5 Cir. 12/16/96), 684 So.2d 1118, 1119.
In deciding Sarpy and Sunalma, the Fifth Circuit relied on Smith v. Utility & Maintenance Contractors of America, Inc., 301 So.2d 906 (La.App. 2 Cir.1974), writ refused, 305 So.2d 539 (La.1975), and Talley v. Bradley, 177 So.2d 624 (La.App. 3 Cir.1965). However, both Smith v. Utility & Maintenance Contractors of America, Inc. and Talley v. Bradley are distinguishable on their facts. In Talley v. Bradley, a demand for dissolution of a writ of sequestration was granted and damages were awarded for wrongful seizure. The Talley v. Bradley court based its decision on the fact that these issues were actually tried separately from the main demand and that the award for damages was subject to execution under a writ of fieri facias. See Talley v. Bradley, 177 So.2d at 627.[5] Further, in Smith v. Utility & Maintenance Contractors of America, Inc., a default judgment had also been rendered on the merits of the case prior to appeal from the denial of the motion for dissolution of the writ of sequestration; therefore, all issues in that case had been finally decided. Although the Talley decision was limited to the facts of the case before it, the Smith court extended the Talley holding, stating that a "judgment denying dissolution of the writ of attachment and consequently rejecting defendant's demands for damages finally adjudicated the issue of defendant's entitlement to damages" and was therefore a final appealable judgment. Smith v. Utility & Maintenance Contractors of America, Inc., 301 So.2d at 910. In so holding, the Smith court failed to anticipate that under other circumstances, where other issues remain to be litigated in a case, immediate appeal of a denial of a motion to dissolve a writ of attachment or sequestration may be inappropriate.
For instance, even if the motion to dissolve is denied and the sequestration is maintained, it is possible that, as to the main demand for a money judgment, the *1169 defendant might at a later stage in the litigation prevail on a motion for summary judgment or after trial on the merits, in which event the sequestration necessarily must fall. Thus the prior ruling maintaining the sequestration could not possibly be considered final and given res judicata effect. In rendering a judgment that unnecessarily extended the scope of the ruling beyond the facts before it, the Smith holding was, in that respect, dicta. We therefore conclude that the Sarpy and Sunalma[6] courts' reliance on Talley and Smith was misplaced.
When a motion to dissolve a writ of attachment or sequestration under LSA-C.C.P. art. 3506[7] is coupled with a request for damages, there are three possible outcomes:
A. Motion to dissolve denied.
B. Motion to dissolve granted, damages denied.
C. Motion to dissolve granted, damages awarded.
In situations B and C, the trial court has considered the merits of awarding damages after finding that dissolution of the writ is warranted. Damages "may" be awarded, in the discretion of the court, depending on the facts and circumstances of each case. In situation A, the issue of damages is not reached. There is no consideration of whether damages should be awarded, and if so, how much, because *1170 absent a dissolution, there can be no damages.
A judgment "denying damages," whether after a contradictory motion or after the trial of an incidental demand by ordinary process, can only be rendered when dissolution has been granted. A judgment "denying damages" after dissolution has been denied is improper because it reaches beyond the issue decided; the issue of damages, whether to grant or deny, and the amount if granted, becomes moot. In other words, the granting of the motion to dissolve is a condition precedent to a determination of the issue of damages. Thus, a judgment "denying damages" is only possible after dissolution has been ordered, and cannot possibly have res judicata effect if dissolution has not been ordered.
We recognize that writs of attachment and sequestration are conservatory writs, which should not be availed of unless the conditions that permit them exist. Matherne v. Matherne's Estate, 341 So.2d 1254, 1257 (La.App. 1 Cir.1977). The purpose of the conservatory writ is to preserve property pending the outcome of a judicial proceeding. Frank L. Maraist, Vol. IA, Louisiana Civil Law Treatise, Civil Procedure, § 2.1. A writ of sequestration is dissolved when the defendant prevails on the merits of the case, or when the underlying obligation is extinguished; where there is no remaining claim of debt, there is no valid reason for a sequestration. See Luk-Shop, L.L.C. v. Riverwood LaPlace Associates, L.L.C., 2001-2446, p. 3 (La.1/4/02), 802 So.2d 1291, 1293, and Scheyd, Inc. v. Jefferson Parish School Board, 412 So.2d 567, 569 (La.1982). In such an eventuality, the issue of damages for wrongful issuance of a writ of sequestration might be re-urged.[8] Therefore, we conclude that it is inappropriate to accord res judicata effect to a pre-trial ruling that denies a motion for dissolution of a writ of sequestration, even though damages are sought.[9]
*1171 Accordingly, we deem it necessary to set aside that portion of our prior opinion in this case holding that when a motion to dissolve a writ of sequestration also seeks damages for wrongful issuance of the writ of sequestration under LSA-C.C.P. art. 3506, a trial court judgment denying a defendant's motion to dissolve the sequestration order is a final appealable judgment. Instead, we now recognize that when a motion to dissolve an order of attachment or sequestration is denied, the issue of damages is not reached; therefore, the denial of such a motion is a nonappealable interlocutory ruling.[10] We hold that a judgment denying a motion to dissolve a writ of sequestration with a demand for damages is an interlocutory non-appealable judgment and is not "res judicata". To the extent that the Fifth Circuit, in Sarpy Properties, Inc. v. Diamond Shoe Stores of Louisiana, Inc. and Sunalma Financial Enterprises, S.A. v. Zervoudis, has held otherwise, we elect not to adopt this jurisprudence as the law of this circuit.
Consequently, we must also set aside that portion of our prior decision declining to review the judgment denying relief on the motion for dissolution of the sequestration order, which defendants/appellants raised in connection with the appeal of the final judgment on the merits in this case. All other rulings in our prior opinion are maintained. Because we previously remanded the matter on the issue of whether defendants received proper and adequate notice of trial, our review of the trial court's ruling on the defendants/appellants' motion to dissolve the sequestration will be conducted along with review of the trial *1172 court's judgment on the main demand, following action by the trial court on remand.
REHEARING GRANTED; APPEAL REINSTATED IN PART.
GAIDRY, J., dissents and assigns reasons.
CARTER, C.J., and WHIPPLE and WELCH, JJ., dissent for reasons assigned by GAIDRY, J.
GAIDRY, J., dissenting.
We granted rehearing en banc for the limited purpose of reconsideration of our appellate jurisdiction relating to the trial court's judgment of March 1, 2004, denying the defendants' motion to dissolve the sequestration orders and their claims for damages, attorney's fees, and costs. For the reasons expressed in the original panel's opinion, as amplified below, I dissent from the majority per curiam opinion on rehearing.
As the original panel herein observed, sequestration is a provisional remedy available for the seizure of property as to which the seizing party claims a property, possessory, or security interest, to prevent the disposal or concealment of the property by another party. La. C.C.P. arts. 3571, et seq. The writ of sequestration is conservatory in nature, used to preserve a creditor's right to execute on a judgment against a debtor on the merits of a principal demand. Sarpy Properties, Inc. v. Diamond Shoe Stores of Louisiana, Inc., 99-1304, p. 6 (La.App. 5th Cir.5/17/00), 761 So.2d 769, 774, writ denied, 00-1760 (La.9/22/00), 768 So.2d 604. It is thus ancillary to the principal demand for a money judgment. Carrier Leasing Corporation v. Ready-Mix Companies, Inc., 372 So.2d 601, 605 n. 6 (La.App. 4th Cir.), writ denied, 375 So.2d 943 (La.1979).
The writ of sequestration is an extremely harsh remedy. It can only be maintained when the formalities of law have been strictly complied with by the party seeking the writ. Burton v. Jardell, 589 So.2d 610, 613 (La.App. 2nd Cir.1991). When a party makes use of this powerful legal weapon, he must be ready to respond in damages, including attorney's fees, if it is found wrongfully issued. Hargett v. Hargett, 98-1470, p. 7 (La.App. 3rd Cir.3/31/99), 732 So.2d 666, 670, writ denied, 99-1291 (La.6/25/99), 746 So.2d 603. Such a claim for damages is a separate cause of action, independent of the principal demand or action. See General Motors Acceptance Corporation v. Sneed, 167 La. 432, 445-46, 119 So. 417, 421-22 (La.1928). It is analogous to delictual actions for wrongful prosecution and abuse of right.
In La. C.C.P. art. 3506, our legislature has expressly given the party opposing the issuance of a writ of sequestration the option of using either of two procedural vehicles to obtain damages for its wrongful issuance: a contradictory motion to dissolve or a reconventional demand. The former procedural vehicle should be chosen when expedited consideration, via summary procedure, is desired.[1] If the party seeking damages needs to undertake discovery or is otherwise unprepared to present evidence to refute the grounds for the writ's issuance or to support his claim for damages, he should either defer filing such a motion until discovery is complete or use a reconventional demand to seek damages via ordinary procedure.
The other circuit courts of appeal have held that when a motion to dissolve an interlocutory sequestration order also seeks damages and attorney's fees for wrongful sequestration under La. C.C.P. art. 3506, the demand for damages is the equivalent of an incidental demand. See *1173 Sarpy Properties, 99-1304 at p. 7, 119 So. 417, 761 So.2d at 774; Talley v. Bradley, 177 So.2d 624, 627 (La.App. 3rd Cir.1965). A motion seeking damages for wrongful issuance of a writ of sequestration is not the procedural equivalent of a motion for summary judgment, the denial of which is clearly interlocutory. Unlike a motion for summary judgment, which must be denied in the event of the existence of a single genuine issue of material fact, a motion for damages for wrongful sequestration is determined under the general evidentiary standard of the preponderance of the evidence, the same standard as would be used for a trial on the merits of a reconventional demand. The use of a contradictory motion rather than ordinary procedure to determine the merits of a cause of action for damages is atypical, but the legislature evidently concluded its procedural availability was warranted to provide additional due process to counter sequestration's harsh effects.
Due to its nature as an ancillary remedy, an order or writ of sequestration is an interlocutory judgment, and therefore appealable "only when expressly provided by law."[2]See La. C.C.P. art. 2083 and Big Four Crane Service, Inc. v. Owl Construction Co., Inc., 471 So.2d 992, 993 (La.App. 1st Cir.), writs denied, 476 So.2d 350, 351 (La.1985). We may likewise accept as settled the proposition that a judgment either granting or denying a motion to dissolve a writ of sequestration, without more, is interlocutory in nature. The question necessarily arises as to the nature of a judgment granting or denying damages, rendered as part of the determination of a motion to dissolve a writ of sequestration.
In Big `A' Sand & Gravel Co. v. Bay Sand & Gravel Co., 262 So.2d 66, 67 (La. App. 1st Cir.), writ refused, 262 La. 467, 263 So.2d 727 (La.1972), this court characterized a single judgment dissolving writs of attachment and sequestration and awarding damages for wrongful issuance of the writs as both interlocutory and final in nature: an interlocutory order as to the dissolution of the writs, but a final judgment as to the award of damages and attorney's fees. See also Smith v. Utility & Maintenance Contractors of America, Inc., 301 So.2d 906, 909-10 (La.App. 2nd Cir.1974), writ refused, 305 So.2d 539 (La. 1975). Although not expressly stated by this court in Big `A' Sand, the only reasonable corollary would be that the damages portion of a judgment denying both dissolution and damages would also constitute a final judgment. The correctness of this bipartite characterization of a single judgment confronts us in this appeal.
Defendants now urge this court on rehearing to hold that a judgment denying a motion to dissolve a writ of sequestration and a cause of action for damages and attorney's fees is interlocutory in all respects. The majority's adoption of that position not only implicitly reverses Big `A' Sand on the issue of the finality of that portion of such a judgment denying a damages claim, but also places this court alone among the circuit courts of appeal on the issue. See Smith, supra; Stahlman Lumber Co.Division of Staco Mfg. Co. v. Ferrill, 320 So.2d 331, 333 (La.App. 3rd Cir.1975); Carpenter v. Carpenter, 419 So.2d 999, 1001 (La.App. 4th Cir.1982); Sunalma Financial Enterprises, S.A. v. *1174 Zervoudis, 96-485, pp. 1-2 (La.App. 5th Cir.12/16/96), 684 So.2d 1118, 1119.

Interlocutory Versus Final Judgments
What is an interlocutory judgment? "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841.
What is a final judgment? "A judgment that determines the merits in whole or in part is a final judgment." La. C.C.P. art. 1841.
A judgment's character as interlocutory or final thus depends upon the nature of the relief granted. A judgment granting or denying a motion to dissolve a writ of sequestration, unaccompanied by a claim for damages, determines only the procedural propriety of a provisional remedy pending resolution of the merits of the principal demand. If the writ is dissolved, the principal action simply proceeds to its determination as if the writ had not issued. La. C.C.P. art. 3506. A judgment dissolving the writ is thus interlocutory.
A judgment denying a motion incorporating a claim for damages for wrongful sequestration determines the merits of that cause of action for damages, which arose independently of the merits of the principal action. The cause of action is not a mere "preliminary matter" to be decided "in the course of the action"; the "action" is the incidental demand for damages itself.[3] (The very fact that damages for wrongful sequestration may in the alternative be asserted in a reconventional demand in the principal action evidences the nature of the claim for damages as a separate "cause of action.") Such a judgment must therefore be considered a final judgment.[4] The questions then arise, is it a partial judgment, and, if so, a final, appealable judgment under La. C.C.P. art. 1915?

Appealable Partial Final Judgments
The judgment denying a motion seeking damages for wrongful sequestration decides the merits of all of the issues raised by that motion. The motion is certainly the equivalent of an incidental demand, as its cause of action may be asserted by way of reconventional demand, as explained earlier. As the judgment denying such a motion essentially adjudicates all of the issues between all of the parties in an incidental demand, it would constitute a partial final judgment under La. C.C.P. art. 1915(A)(1) and (4), and would be immediately appealable. This was the essence *1175 of our holding in Motorola, Inc. v. Associated Indemnity Corporation, 02-0716 (La.App. 1st Cir.4/30/03), 867 So.2d 715.[5] It was also the basis for the original panel's conclusion in this case that the judgment denying the damages sought by motion was a final judgment.[6]
The "final judgment" under which review of the related interlocutory judgment would be authorized is the unappealed final judgment denying the defendants' claim for damages, not the final judgment on the merits of the principal demand. In order to determine the merits of the claim for damages for wrongful sequestration, it was necessary for the trial court to determine, based upon a preponderance of the evidence, whether the writ of sequestration was based upon adequate factual grounds. The determination of that predicate issue in effect became final as part of the final judgment dismissing the claim for damages. Not having appealed the final judgment rejecting all of their claims for damages for wrongful seizure, defendants could not properly appeal the prior interlocutory ruling denying dissolution or the "interlocutory" portion of the judgment denying both the dissolution and related damages as part of the appeal of the judgment on the merits of the principal demand.
The final judgment denying the motion for damages for wrongful sequestration fulfills all the requisite criteria for application of res judicata. And even if res judicata arguably would not apply to the first interlocutory judgment denying dissolution of the writ of sequestration, issue preclusion or collateral estoppel would apply, as the identical issues were determined by the final judgment.[7] Because the final judgment dispositive of the identical issues was not appealed, defendants were not entitled to review of the earlier interlocutory judgment under our jurisprudential rule authorizing such review when a final judgment is timely appealed.
A review of the majority's attempts to dissect and distinguish Sarpy Properties, Sunalma, Talley, and Smith reveals that the grounds of distinction are for the most part irrelevant to the central issue and therefore unconvincing. One example may suffice for my purposes. The majority claims that Talley is "distinguishable on [its] facts." It characterizes the result in Talley as being based upon "the fact that these issues were actually tried separately *1176 from the main demand and that the award for [sic] damages was subject [sic] to execution under a writ of fieri facias." I fail to see the relevance of those purported distinctions. In every case where the issue of damages is presented by way of a motion to dissolve under La. C.C.P. art. 3506, the issue of damages for wrongful sequestration (a separate cause of action) is necessarily "tried separately from the main demand," since the hearing addresses the motion only, not the merits of the principal action between the parties. And every damages award not appealed suspensively, with limited exceptions, may be satisfied through execution of the judgment under a writ of fieri facias. The very reason why the damages award in Talley allowed for issuance of the writ of fieri facias was its status as a final judgment.
The majority actually approaches the correct conclusion in its footnote 6. The majority observes: "If a writ of attachment or sequestration is found to be valid and not wrongful, then no damages for wrongful seizure are due. Thus a trial court that has denied a motion for dissolution of a sequestration would have no reason to consider whether the property owner/defendant has sustained damages." I could not agree more, where, as in this case, the motion to dissolve also seeks damages. If the party obtaining the writ meets his burden of proof of legally sufficient grounds for its issuance, then the sequestration was not wrongful, the opposing party is not entitled to damages for wrongful sequestration, and his cause of action for such damages must be dismissed.
What the majority has done here is to frame the point in dispute in its own terms, using a classic "false premise" in rhetoric. The majority frames the procedural question as follows
When a motion to dissolve a writ of attachment or sequestration under LSA-C.C.P. art. 3506 is coupled with a request for damages, there are three possible outcomes:
A. Motion denied.
B. Motion granted, damages denied.
C. Motion granted, damages awarded.
The majority assumes under outcome A that in denying a motion to dissolve including a demand for damages a trial court determines only the propriety of the writ's issuance and makes no determination whatsoever as to the damages sought. To the contrary, when a court denies a motion without reservation, it is generally considered to have denied that motion in its entirety, and to have denied all relief sought through that procedural vehicle. (The majority seems to conclude that a motion to dissolve incorporating a cause of action for damages must necessarily be accorded the same procedural effect as a motion for summary judgment, when it is procedurally distinct from the latter.) The incorrect premise is the characterization of its outcome A as "Motion denied," when in truth it should be stated as "Motion denied, damages denied."[8]
*1177 If a party opposing sequestration does not assert loss or damage by reason of the issuance of the writ, then the denial of a motion to dissolve the writ relates only to the merits of an interlocutory order for an ancillary remedy as to the principal action, and such denial is itself interlocutory. Upon asserting a separate cause of action for such loss or damage, the party asserting it brings the issue to a head, and the determination of the merits of such cause of action assumes the status of a final judgment, whether by way of motion or reconventional demand. There is no inconsistency whatsoever in these differing results. It is the relief being sought, regardless of the procedural vehicle used, which determines the finality of the judgment on the propriety of sequestration.[9]

Conclusion
From a policy standpoint, one could validly argue that it might be preferable to defer appellate consideration of a partial final judgment denying or granting damages for wrongful sequestration until determination of the merits of the principal demand. But such a policy determination is properly a subject for the legislature, not the courts. Under our current law, such a judgment is immediately appealable. And as the predicate issue of the propriety of the issuance of the writ of sequestration is an inseparable component of that final, appealable judgment, the issue's determination is clearly entitled to res judicata effect, and may not be determined again in the merits of the principal action.
We should therefore hold that a judgment determining both the merits of a motion to dissolve a writ of sequestration and the merits of a related cause of action for damages for wrongful issuance of the writ is a final, appealable judgment in all respects. The continuing recognition of a dichotomy in the nature of such a judgment is unwarranted and serves no practical purpose. To the extent that our prior decision in Big `A' Sand & Gravel Co. v. Bay Sand & Gravel Co., supra, might suggest a contrary result, it should be reversed in part.[10] This conclusion would obviate the possibility of a conflicting decision on the same issue in the trial court and the possibility of a later piecemeal appeal of the issue.
The original panel's holding that the trial court's judgment of March 1, 2004 was a final and appealable judgment is correct. The majority's contrary conclusion, founded upon incorrect assumptions and flawed "logic," will only serve to perpetuate confusion as to what is a final judgment and to create a new jurisprudential rift which ultimately must be resolved by our supreme court. I respectfully dissent.
NOTES
[1] In her brief to this court, plaintiff claims that "either a short answer was filed or a denial or verbal answer was entered of record." The record contains no evidence of either. Additionally, we would point out that our civil procedure does not recognize a "verbal answer." See La. C.C.P. art. 1003.
[2] Although the order assigning the trial date stated that the trial was set for Monday, June 21, 2004, the district court's local rules provide that "[a]ll civil matters set for trial shall be set for `the week of' [sic] settings unless specifically set by the Trial judge." Rules for Louisiana District Courts, Rule 9.14(a), Appendix 8 (Rule 9.14), 21st Judicial District Court, par. 2.
[3] See n. 2, supra.
[4] When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. Judson v. Davis, 04-1699, p. 8 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1112. Here, however, the final judgment relating to the interlocutory sequestration orders was the unappealed judgment of March 1, 2004, denying defendants' motion to dissolve the sequestration orders.
[5] As to the first issue, the premature setting of trial contrary to La. C.C.P. art. 1571, we observe that as defendants were the parties who requested the conference to set the case for trial, they may not have standing to object to any procedural irregularity in setting the case for trial prior to issue being joined on their reconventional demand. See Northshore Insurance Agency, Inc. v. Farris, 634 So.2d 867, 870 n. 1 (La.App. 1st Cir.1993). As to the issue of conflict between the judgment and the oral reasons, the jurisprudence holds that a trial court's written reasons for judgment form no part of the judgment itself. Where there is a conflict between the judgment and the written reasons, the judgment controls. Delahoussaye v. Board of Supervisors of Community and Technical Colleges, 04-0515, p. 13 (La.App. 1st Cir.3/24/05), 906 So.2d 646, 654. The same reasoning obviously applies in the case of a conflict between a judgment and oral reasons for judgment. However, defendants also raise a substantive issue as to the propriety of the judgment's disposition of the sequestered property and any credit to which defendants may be entitled against the money judgment rendered against them.
[6] Under this interpretation, sworn testimony of the withdrawing attorney, without supporting documentation, would be insufficient proof of notice.
[7] A party appearing in proper person before a court is required to advise the court of his current address and any change of address. La. C.C.P. art. 1571(B). But a party's failure to do so does not affect the validity of any judgment rendered if notice of trial was sent to the party's last known address of record. Id.
[8] See n. 2, supra. The practice of "weekly" trial assignments, with an indeterminate date for the actual opening of trial within the week, is obviously designed to accommodate multiple trial assignments within the same week. Ordinarily, the practice does not unduly inconvenience parties represented by attorneys. However, in order for unrepresented parties to receive proper notice of trial under this practice, they must be adequately notified of the necessity of attending the final pretrial conference and being prepared for trial at any time that week the trial may commence after the conference.
[1] Although it was indicated in the original opinion in this case that the demand for damages is "the equivalent of" an incidental demand, the actual language of Sarpy stated that the demand for damages is "in the nature of" an incidental demand. Sarpy, 99-1304 at p. 7, 761 So.2d at 774.
[2] Louisiana Revised Statute 13:4231 provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
[3] Louisiana Code of Civil Procedure article 1841 provides:

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
[4] At the time of the Big Four decision, Louisiana Code of Civil Procedure article 2083 provided:

An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
[5] This court has also recognized that where dissolution is granted and damages are awarded, the judgment is immediately appealable "as irreparable injury to the plaintiff might arise by their dissolution." Big "A" Sand & Gravel Co. v. Bay Sand & Gravel Co., 262 So.2d 66, 68-69 (La.App. 1 Cir.), writ refused, 262 La. 467, 263 So.2d 727 (La.1972). In refusing the application for supervisory review, the supreme court stated, "On the facts found by the Court of Appeal, there is no error of law in its judgment."
[6] In addition to the Smith case, the Sunalma opinion also cites the cases of Stahlman Lumber Co. v. Ferrill, 320 So.2d 331 (La.App. 3 Cir.1975), and Carpenter v. Carpenter, 419 So.2d 999 (La.App. 4 Cir.1982), in support of its conclusion. Although both Stahlman and Carpenter recite the proposition espoused by Smith, these cases cannot be said to adopt this concept or apply it to the cases therein under consideration, as both the Stahlman and Carpenter courts found that the defendants sought only the dissolution of the attachment and did not seek damages. In both Stahlman and Carpenter, it was held that the judgments appealed were nonappealable interlocutory judgments. The Sunalma court also cited the cases of Ellefson v. Ellefson, 616 So.2d 221 (La.App. 5 Cir.), writ denied, 617 So.2d 1183 (La.1993) and Territo v. Schwegmann Giant Supermarkets, 95-257 (La.App. 5 Cir. 9/26/95), 662 So.2d 44, 46, writ denied, 95-2504 (La.12/15/95), 664 So.2d 445, for the proposition that although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when an appealable judgment is rendered in the case. We note that neither Ellefson nor Territo involved an appeal of a judgment on a motion for dissolution of a writ of attachment or seizure; the former involved the denial of an exception of no cause of action and the latter a motion for new trial. While the underlying rationale that nonappealable rulings can be reviewed along with appealable judgments is correct, its application in the procedural circumstance presented in Sarpy, Sunalma, and the instant case is misleading. If a writ of attachment or sequestration is found to be valid and not wrongful, then no damages for wrongful seizure are due. Thus a trial court that has denied a motion for dissolution of a sequestration would have no reason to consider whether the property owner/defendant has sustained damages. Therefore, to say that the denial of the motion for dissolution is appealable only because damages for wrongful seizure have been denied is a circular argument that is not logically convincing.
[7] Louisiana Code of Civil Procedure article 3506 provides:

The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.
[8] An action for damages will lie only if the plaintiff fails to show the existence of one of the grounds for the writ, not if he fails to prove the principal cause of the action. James D. Johnson, Jr., Attachment and Sequestration: Provisional Remedies Under the Louisiana Code of Civil Procedure, 38 Tul. L.Rev. 1, 28 (1963). It is conceivable that even after a motion to dissolve a writ of seizure has been denied, that by means of discovery or upon trial of the merits, additional facts could be revealed that would invalidate the seizure and possibly warrant a claim for damages. To allow an appeal from the initial denial of a request for dissolution when a defendant might in the course of litigation on the main demand procure the dissolution would be to promote piecemeal appeals. To adopt any other view would be to undermine the rationale for the enactment of LSA-C.C.P. art. 3512, which provides:

The security required of the plaintiff for the issuance of a writ of attachment or of sequestration shall be released when judgment is rendered in his favor and is affirmed on appeal or when no appeal has been taken and the delay for appeal has elapsed.
If a denial of a motion for dissolution, granting no damages, is immediately appealable, having a final and preclusive res judicata effect when no appeal is taken, LSA-C.C.P. art. 3512 would necessarily state that the security required of the plaintiff may be released at such a juncture as well. To the contrary, a plaintiff's security may only be released upon conclusion of the final appeal from the final judgment on the merits. The only rationale for maintaining the plaintiff's security for such a length of time is to ensure that if, during the course of the litigation on the merits and thereafter on appeal, it is determined that the writ of seizure was improperly taken, any award of damages could be satisfied out of the security.
[9] We further note that a plea of res judicata should be rejected when doubt exists as to whether a party's substantive rights actually have been previously addressed and finally resolved. Patin v. Patin, XXXX-XXXX, p. 5 (La. App. 1 Cir. 6/22/01), 808 So.2d 673, 676. Moreover, the res judicata statute states that it is a "subsequent action" that is barred upon final judgment in a suit between the parties thereto. LSA-R.S. 13:4231. An interlocutory judgment cannot serve as the basis for a plea of res judicata. See Raphael v. Raphael, XXXX-XXXX, pp. 5-6 (La.App. 3 Cir. 5/8/02), 817 So.2d 462, 465; G.B.F. v. Keys, 29,006, p. 3 (La.App. 2 Cir. 1/22/97), 687 So.2d 632, 634, writ denied, 97-0385 (La.3/21/97), 691 So.2d 94. Nevertheless, an interlocutory judgment may become "law of the case," but only where that judgment has previously been appealed or where the aggrieved party has sought supervisory writs and the appellate court makes a ruling that constitutes the "law of the case." See Judson v. Davis, XXXX-XXXX, p. 8 (La.App. 1 Cir. 6/29/05), 916 So.2d 1106, 1113. Otherwise, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. Judson v. Davis, XXXX-XXXX at p. 8, 916 So.2d at 1112-1113; Sanders v. J. Ray McDermott, Inc., XXXX-XXXX, p. 8 (La.App. 1 Cir. 11/7/03), 867 So.2d 771, 776; Landry v. Leonard J. Chabert Medical Center, XXXX-XXXX, p. 5 n. 4 (La.App. 1 Cir. 5/14/03), 858 So.2d 454, 461 n. 4, writs denied, XXXX-XXXX (La.10/17/03), 855 So.2d 761; Carville v. City of Plaquernine, 303 So.2d 289, 290 (La.App. 1 Cir.1973). See also People of Living God v. Chantilly Corporation, 251 La. 943, 947, 207 So.2d 752, 753 (1968).
[10] We note that even if the judgment at issue in the instant case had been found to be appealable, there was no compliance with the requirements of LSA-C.C.P. art. 1915(B), as it was not designated a "final" judgment. Judgments that adjudicate less than all of the claims, demands, issues, or theories asserted in a suit must be designated as final in accordance with LSA-C.C.P. art. 1915(B) in order to be appealable. LSA-C.C.P. art 1911. However, even a judgment designated as "final" by the trial court, may nonetheless be unappealable if the trial court record does not establish a valid basis for the designation. See Frank L. Maraist and Harry T. Lemmon, Vol. 1, Louisiana Civil Law Treatise, Civil Procedure, § 14.3. We further note that LSA-C.C.P. art. 2083 was amended by 2005 La. Acts, No. 205, § 1, to provide in paragraph (C) that "[a]n interlocutory judgment is appealable only when expressly provided by law." Even though the 2005 amendment to Article 2083 cannot be applied to the case at issue as it did not become effective until January 1, 2006 and the instant appeal was filed on August 19, 2004, it is interesting to note the legislative intent to restrict the immediate appeal of interlocutory judgments.
[1] La. C.C.P. art. 3506, Comment (d).
[2] Article 2083 was amended by Acts 2005, No. 205, effective January 1, 2006, to remove the prior language which specifically authorized appeal of an interlocutory judgment "which may cause irreparable injury," substituting the language quoted above. In the absence of legislation expressly authorizing appeal of an interlocutory judgment, a party should now seek review under the appellate court's supervisory authority. La. C.C.P. 2083, Comments2005, (a), (b).
[3] See La. C.C.P. arts. 852, 1031, 1032, 1037-40, 1061, 1915(A)(1), (4), and 1915(B)(1).
[4] If the defendant sought the identical relief (damages, attorney's fees, and costs arising from wrongful sequestration) by way of reconventional demand, and an adverse judgment was rendered on the trial of that reconventional demand, dismissing the claim against the plaintiff, both the finality and appealability of that judgment would be beyond dispute. See La. C.C.P. arts. 1038 and 1915(A)(1),(4). Cf. La. C.C.P. art. 1915(B)(1). In Hawthorne v. Humble Oil & Refining Co., 200 So.2d 52 (La.App. 1st Cir.1967), this court reached the same conclusion as to the finality and appealability of a judgment on a contradictory motion seeking an order compelling the transfer of property based upon La. C.C. art. 2652, relating to the sale of litigious rights. There, it was recognized that "the trial court adjudicated an issue entirely separate and distinct from the cause of action set forth in the petition [setting out the principal demand]." Id. at 53. We observed:

Although the judgment complained of herein cannot in any way effect [sic] the outcome of this case on the merits, it certainly does effect [sic] the right of some of the parties thereto, and the judgment does settle those rights finally.
It seems clear to us that this is just such a partial judgment as is contemplated by Article 1915, and equally clear that such a judgment is appealable without the necessity of waiting for the final determination of the case on its merits.
Id. at 54. This court cited Talley v. Bradley, supra, in support of that conclusion.
[5] Because the judgment rejecting the cause of action for damages for wrongful sequestration is determinative of "all of the claims, demands, issues, or theories ... in [a] reconventional demand," it is not an art. 1915(B) judgment, but an art. 1915(A) judgment, requiring no certification by the trial court for purposes of appeal.
[6] The majority mischaracterizes the basis of the original panel's ruling that the judgment was conclusive as being based upon "the doctrine of res judicata," when in fact the ruling was simply based upon the codal definition of a final judgment in La. C.C.P. art. 1841. The original panel's opinion made no reference at all to that doctrine. Res judicata, as an affirmative defense or objection raised by peremptory exception, cannot be supplied by the court sua sponte. La. C.C.P. arts. 927(B), 1005. My present reference to res judicata (to which the majority no doubt meant to refer) is made to demonstrate and validate the character of the judgment at issue as final, since only a "valid and final judgment" is entitled to res judicata effect.
[7] See La. R.S. 13:4231(3): "A [valid and final] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." In effect, all issues as to the merits of the motion to dissolve the writ were subsumed or merged in the final judgment dismissing the cause of action for damages. See also General Motors Acceptance Corporation v. Sneed, 167 La. at 443, 119 So. at 421.
[8] By incorrectly framing the issue, the majority in effect sets up a "straw man" and knocks him down. See Brett G. Scharffs, The Character of Legal Reasoning, 61 Wash. & Lee L.Rev. 733, 779 n. 142 (2004). If the majority's conclusion is accepted, then any judgment which dismisses a cause of action for damages solely on the issue of liability (or prescription, res judicata, or another affirmative defense) should seemingly be considered interlocutory or, at most, a partial final judgment under La. C.C.P. art. 1915(B), because "the issue of damages is not reached," and such "[a] judgment `denying damages' after [liability] has been denied is improper because it reaches beyond the issue decided." If there is a logical distinction to be made between the present matter and such a judgment, I cannot see it.
[9] As I have attempted to explain earlier, a judgment's character as interlocutory or final depends upon the nature of the relief granted. See La. C.C.P. art. 1841.
[10] It should of course be noted that Big `A' Sand was decided prior to the comprehensive changes to the law of res judicata and the adoption of the principle of collateral estoppel or issue preclusion enacted in 1990 and effective January 1, 1991.