STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-252

STEVEN PAUL PESSON

VERSUS

HEATHER DIETERICH

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-5580
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

MOTION TO DISMISS APPEAL GRANTED.

James Curtis McInnis
Attorney at Law
110 Seagull Lane
Lake Charles, LA 70607
(337) 842-6071
COUNSEL FOR DEFENDANT/APPELLANT:
    Heather Dieterich

**Steven Paul Pesson**
**In Proper Person**
**7531 Polly Lane**
**Lake Charles, LA 70607**
**(337) 515-2425**

**Jordan Z. Taylor**
**Todd A. Townsley**
**The Townsley Law Firm**
**3102 Enterprise Boulevard**
**Lake Charles, LA 70601**
**(337) 478-1400**

**GREMILLION, Judge.**

Heather Dieterich appeals the trial court's ruling requiring her to deposit $212,500.00 into the registry of the court. The appellee, Steven Pesson, has filed a motion to dismiss the appeal, because, he contends, the order does not represent an appealable final judgment. For the reasons that follow, we dismiss the appeal.

**FACTS**

Mr. Pesson and Ms. Dieterich entered into a "Joint Stipulation for Settlement and Compromise of all Causes of Action" on May 2, 2012. This stipulation was filed with the trial court on October 4, 2012, and became a signed judgment of the trial court on October 3, 2012.

That judgment provided, in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that when all criminal charges have been dismissed, expunged and deleted from HEATHER DIETERICH's record, or within thirty (30) days from the time that Judge Ware's order to HEATHER DIETERICH not to make transactions on a Scottrade account is rescinded, whichever last occurs, HEATHER DIETERICH shall pay to Pesson the sum of $212,500.00 via cashier's check, and STEVEN PAUL PESSON shall acknowledge receipt thereof. All court costs of dismissal, expungement, and deletion will be paid equally by STEVEN PAUL PESSON and HEATHER DIETERICH.

On August 26, 2013, Mr. Pesson filed a "Motion and Order to Deposit Funds in Registry of Court." This motion asserted that the parties had attempted for many months to have Ms. Dieterich's criminal record expunged, but "it has been unduly and unreasonably delayed due to other agencies' actions / inactions." The order prayed that Ms. Dietrich be ordered to deposit the funds into the registry of the court pending completion of the expungement.

The motion was heard on October 11, 2013. At the hearing, it was conceded by Ms. Dieterich that the arrest had been expunged from her record. Her counsel,

though, pointed out to the court that the document not only called for the record to be expunged but also deleted. The Assistant District Attorney for the Fourteenth Judicial District who was empowered to order a deletion of the arrest, determined that deletion was conditioned on Ms. Dieterich returning the money to Mr. Pesson. No deletion would be granted until the money was turned over to Mr. Pesson.

The trial court granted Mr. Pesson's motion and ordered the money deposited into the court's registry.

Ms. Dieterich sought supervisory writs in this court. We ordered that the district court clerk forward us the record for full consideration. Ultimately, Ms. Dieterich's writ application was denied. *Pesson v. Dieterich*, 13-1231 (La.App. 3 Cir. 12/9/13) (unpublished writ decision), *writ denied*, 14-42 (La. 1/23/14), 130 So.3d 953. On December 17, 2013, Ms. Dieterich filed the present appeal. She urges that the trial court erred in hearing the matter, because the consent judgment had long since been final. She also contends that the trial court erred in substantively altering the terms of a judgment and in ordering that the funds be deposited into the registry of the court without a money judgment having been rendered against her. Mr. Pesson has filed a motion to dismiss the appeal, arguing that ordering Ms. Dieterich to deposit the funds into the registry of the court in no way determines the merits of the case and is not an appealable final judgment.

## ANALYSIS

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment.

La.Code Civ.P. art. 1841. Except as expressly provided by law, interlocutory judgments are not appealable. La.Code Civ.P. art. 2083.

The trial court's order is intended to preserve the fund until the record of her arrest is deleted, after which, all agree, the money goes to Mr. Pesson. In no way does the court's order address the merits of the case, i.e., whether the money is now owed to Mr. Pesson. In this way, it is like unto a sequestration.

Sequestration is appropriate when one claims the ownership or right to possession of property, and it is within the power of the defendant to conceal, dispose of, or waste the property or revenues therefrom during the action's pendency. La.Code Civ.P. art. 3571. An order denying the dissolution of a writ of sequestration is not appealable. *Big Four Crane Serv., Inc. v. Owl Const. Co., Inc.*, 471 So.2d 992 (La.App. 1 Cir.), *writ denied*, 476 So.2d 351 (La.1985).

We see no difference here. The trial court's order merely preserves the funds until the deletion of Ms. Dieterich's criminal record. The order does not determine the merits of the case, and thus, it is not a final judgment subject to full appeal by the court.

The Motion to Dismiss Appeal filed by appellee, Steven Pesson is granted. All costs of the appeal are taxed to appellant, Heather Dieterich.

**MOTION TO DISMISS APPEAL GRANTED.**